## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

--------------------------------------------------------

|  |  |  |
|---|---|---|
| **JENNY PHENIX**, | / | |
| Plaintiff, | / | CASE NO.: 1:25-cv-00378-RGA |
| v. | / | |
| **VILLA VIE RESIDENCES INCORPORATED,** | / | |
| **VILLA VIE RESIDENCES CORPORATION,** | / | |
| & | / | |
| **VV ODYSSEY LLC** | / | |
| Defendants. | / | |

## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

Plaintiff, Jenny Phenix, by and through her undersigned counsel, hereby moves this Honorable Court for an Order permitting Plaintiff to serve all three Defendants, Villa Vie Residences Incorporated ("VVRI") of the Republic of the Marshal Islands, VV Odyssey, LLC ("VV") of the Republic of the Marshal Islands and Villa Vie Residences Corporation ("VVRC") of Florida (collectively "Defendants" or the "VILLA VIE GROUP") with the summons and complaint in the above-captioned matter via email to known business email addresses, pursuant to Fed. R. Civ. P. 4(f)(3), 4(e) and 4(h), and in support thereof states as follows:

1.    This lawsuit involves the claims of Jenny Phenix in connection with the sale of residential cruise ship services by Villa Vie Residences Incorporated, Villa Vie Residences Corporation, VV Odyssey LLC, and the M/V ODYSSEY pursuant to a contract and

1

amendments drafted by Defendants.  The Defendants refer to themselves as the VILLA VIE GROUP.

2.      Plaintiff seeks leave to serve the VILLA VIE GROUP by email due to their intentional evasion of personal service, the location of two Defendants in the Marshal Islands, the difficulty and tremendous unwarranted cost in serving them through traditional means, all despite plaintiff deploying reasonable efforts to serve the defendants personally.

3.      The contract issued to the plaintiff by the VILLA VIE GROUP in connection with this matter specifically provided in paragraph 9:

9. No suit shall be maintainable against VVRI or the Vessel upon any claim relating to the damage or loss to any property unless the Voyager provides a written notice of the claim, with full details, which shall be delivered to VVRI at its Villa Vie Residences Incorporated registered office at the address on page 1 of this contract within thirty (30) days after the termination of the voyage to which this circumnavigation Contract relates or during the circumnavigation onboard to the general manager's attention and acknowledgment of receipt has been received by the voyager from the onboard representative; and in no event shall any suit for any cause against VVRI or the vessel with respect to loss of or damage to property be maintainable

This document is signed using GetAccept Digital Signature Technology.
Fingerprint: f51b13ee421a58197799b21cef17c4b215b212e6b14295e8b3a2043863cd6f5663dba58b558f91eebe5dea2504c8959bc67f85ac594716e275b99cd85c2634d6

unless suit shall be filed within one year after the termination of the voyage and process has been served within one hundred twenty days after filing, notwithstanding any provision of law of any state, territory, possession or country to the contrary.

4.      Page 1 of the contract provided the following information:

### *VOYAGER RESERVATION CONTRACT*

This Voyager Reservation Contract is issued by Villa Vie Residences Incorporated (VVRI) a company incorporated in the State of Delaware, USA whose registered office is located at # 700 -3422 Old Capital Trail, PMB 1461 Wilmington, DE 19808.

5.      The contract issued to the plaintiff by the VILLA VIE GROUP in connection with this matter specifically provided in paragraph 10:

10. It is agreed by and between Voyager and carrier that all claims, disputes, and matters whatsoever arising under, arising out of, or relating to this circumnavigation contract shall be litigated in and before a court of competent jurisdiction located in Wilmington Delaware, U.S.A. This circumnavigation contract provides for the exclusive resolution of disputes through individual legal action on the voyager's own behalf instead of through any class action. Even if the applicable law provides otherwise, Voyager agrees that any lawsuit against the carrier whatsoever shall be litigated by Voyager individually and not as a member of any class or as part of a class action, and Voyager expressly agrees to waive any law entitling Voyager to participate in a class action.

6.     A true copy of the agreement is attached as Exhibit A.

7.     On March 28, 2025, the plaintiff served the VILLA VIE GROUP at the address of its Delaware registered agent identified in the contract.

8.     On April 1, 2025, counsel for plaintiff received a letter and enclosures from the Delaware registered agent for Villa Vie Residences, Inc. indicating that it was no longer registered agent, had no forwarding address, and that the corporation itself had transferred its registry to the Republic of the Marshal Islands. A true copy of the letter and enclosures is attached as Exhibit B.

9.     Despite contractually obligating the plaintiff to sue in Delaware, the VILLA VIE GROUP have ignored the Rule 4(d) requests to waive service and have actively dodged service of process by among other things, terminating its agent for service, canceling its address in Delaware and transferring one of its entities out of the United States to the Marshal Islands. Defendants are intentionally avoiding service by changing its address to a foreign location far from the address it has identified in the contract for purposes of notice.

## EMAIL IS CALCULATED TO PROVIDE ADEQUATE NOTICE

10.     The VILLA VIE GROUP regularly conducts its business by email and other electronic means through its website at the domain: https://villavieresidences.com/.

11.     On October 3, 2025, undersigned counsel for the plaintiff sent a preservation of evidence letter by email to the VILLA VIE GROUP addressed as:

Email To:        admin@villavieresidences.com

mike@villavieresidences.com
kathy@villavieresidences.com
Villa Vie Residences Incorporated
Villa Vie Residences Corporation
VV Odyssey LLC
M/V ODYSSEY

12.    Counsel believes that each email was received because no server rejections or "bounces" were received for any of the messages. In addition, the undersigned counsel received email messages from both email addresses of Mike and Kathy concerning various issues raised in the letter.

13.    The email address mike@villavieresidences.com is for Mikael Petterson, listed as CEO of VVC on the 2024 Florida Corporation Annual Report filed with the Florida Secretary of State.

14.    A true copy of the 2024 Florida Corporation Annual Report filed with the Florida Secretary of State is attached as Exhibit C.

15.    The email address kathy@villavieresidences.com is for Kathryn Villalba, listed as COO of VVC on the 2024 Florida Corporation Annual Report filed with the Florida Secretary of State.

16.    On October 31, 2025, undersigned counsel for the plaintiff sent a settlement demand letter by email to the VILLA VIE GROUP addressed as:

Email To:    admin@villavieresidences.com
mike@villavieresidences.com
kathy@villavieresidences.com
Villa Vie Residences Incorporated
Villa Vie Residences Corporation
VV Odyssey LLC
M/V ODYSSEY

17.    Counsel believes that each email was received because no server rejections or "bounces" were received for any of the messages. In addition, on November 5, 2024, in response

4

to the demand letter, the undersigned counsel for plaintiff was advised that the following counsel represented defendants:

**Steven E. Bers / Partner**
**Whiteford Taylor Preston, LLP**
7 St. Paul Street, Suite 1900
Baltimore, Md 21202
410.347.8724 / 443.540.5171 (c)
Sbers@Whitefordlaw.com | www.whitefordlaw.com

18. Counsel for the parties engaged in settlement discussions by telephone and by email.

19. When the parties' disputes were not resolved by settlement, plaintiff filed the complaint instituting this case against the VILLA VIE GROUP on March 27, 2025.

20. Pursuant to Federal Rule of Civil Procedure, Rule 4(d)(1), on March 28, 2025, the following documents were delivered by Federal Express to each defendant at the address indicated on the complaint:

    a. A summons for each defendant.

    b. Requests for waiver of service.

    c. Forms for wavier of service.

    d. The complaint with civil cover sheet.

A true copy of these documents is attached as Exhibit D.

21. The tracking information from Federal Express establishes that the documents were received by the addressees.

22. A true copy of the tracking information is attached as Exhibit E.

23. Pursuant to Federal Rule of Civil Procedure, Rule 4(d)(1), on March 28, 2025, the following documents were emailed to Mr. Bers in his capacity as counsel for the defendants:

    a. A summons for each of the firm's clients.

       b.     Requests for waiver of service.

       c.     Forms for wavier of service.

       d.     The complaint with civil cover sheet.

24.    A true copy of the cover email is attached as Exhibit F.

25.    Undersigned counsel believes that the email was received because no server rejections or "bounces" were received for the message.

26.    According to Richard Hickson, Attorney General, Republic of Marshals Island, service of process must be done through the "Trust Company of the Marshall Islands, Inc." (TCMI), which acts as the mandatory registered agent for all non-resident corporations and business entities at: Trust Company Complex, Ajeltake Road, Ajeltake, Majuro MH 96960, Marshall Islands.

27.    Pursuant to Federal Rule of Civil Procedure, Rule 4(d)(1), on April 2, 2025, the following documents were delivered by Federal Express to Villa Vie Residences, Inc. care of TCMI at its address in the Marshall Islands:

       a.     A summons for defendant.

       b.     Request for waiver of service.

       c.     Form for wavier of service.

       d.     The complaint with civil cover sheet.

28.    According to the Ancillary Legal Corporation, an expert provider of foreign service of process, formal service in the Marshal Islands requires Letters Rogatory pursuant to United States Code Title 22 Foreign Relations, Chapter I Department of State, Sec 92.54. Letters Rogatory through diplomatic channels are mandated for formal service in all countries that are not parties to an international process treaty.

29.     Counsel has obtained a quote from Ancillary Legal Corporation to effectuate service through diplomatic channels. The United States' State Department's filing fees is $2275. A litigant's total cost will amount to several thousand dollars more. The total cost for this method of service could be as much as $5000 or more for the two defendants located in the Marshal Islands.

30.     Federal Rule of Civil Procedure 4(f)(3) permits service of process on individuals in foreign countries by a method "prescribed by the court," so long as the method is not prohibited by the law of the foreign country. The rule is flexible and allows the Court to approve alternative methods of service when traditional methods are not viable, as long as the method is reasonably calculated to give the defendant actual notice of the proceedings.

31.     All three defendants have received, by Federal Express delivery, a request for waiver of service packages including the summons and complaint. None of them have been returned. Counsel for defendants was also sent the request for waiver of service packages by email.

32.     Counsel for plaintiff sent various follow-up email requests to counsel for the VILLA VIE GROUP.   On May 29, 2025, Mr. Bers emailed counsel for plaintiff that he did not represent any of the defendants in connection with this case.

33.     On May 2, 2025, the deadline for Villa Vie Residences Corporation, a Florida entity, to return the domestic signed waiver forms expired without counsel for plaintiff having received any such waivers or any response.

34.     Villa Vie Residences Corporation identifies its business address on its website as a postal box: Villa Vie Residences PO Box 820513, Pembroke Pines, Florida 33082.

35.     Villa Vie Residences Corporation identifies its principal place of business with

the Florida Secretary of State as 1413 SW 156th Way, Pembroke Pines, Florida 33027.

36.     According to the Broward County public records, 1413 SW 156th Way, Pembroke Pines, Florida 33027 is a residential home with 4 bedrooms and 3 bathrooms.

37.     Service was arranged for Villa Vie Residences Corporation by certified mail return receipt requested pursuant to Delaware law as incorporated into Rule 4. Delaware's long-arm statute, 10 Del. C. § 3104 ("Section 3104").

38.     The postal tracking information indicates that the summons and complaint were rejected by Villa Vie Residences Corporation.  See Exhibit G. The Defendant has clearly intentionally refused to accept service without cause.

39.     Courts have consistently held that service by email is an acceptable method of service when the defendant can reasonably be expected to receive and respond to the email. Courts have also granted motions to serve by email when the defendant has acknowledged or agreed to receive service by email or when email is the only practical or effective method of service.

40.     The course of dealing between Plaintiff and the VILLA VIE GROUP was through email for business or personal communication addressed to:

Email To:     admin@villavieresidences.com
mike@villavieresidences.com
kathy@villavieresidences.com
Villa Vie Residences Incorporated
Villa Vie Residences Corporation
VV Odyssey LLC
M/V ODYSSEY

41.     Plaintiff and undersigned counsel have communicated directly with the VILLA VIE GROUP by email and as the foregoing establishes, Defendants actively receive communications at these addresses.

42.    Service by email is a reasonable method of service in this case because

    a.    Defendants are likely to receive and respond to emails promptly.

    b.    Plaintiff has already attempted or is unable to access other traditional service methods.

    c.    Service via email is not prohibited by any law or international treaty, and it ensures that Defendants are notified of the proceedings in a timely manner.

    d.    Service via email will provide Defendants with the necessary information to defend the case and will not prejudice their ability to respond and it is "reasonably calculated to give actual notice" to the Defendants.

WHEREFORE, for the reasons stated above and in the memorandum of law filed herewith, Plaintiff respectfully requests that the Court grant this motion and authorize Plaintiff to serve Defendants by email at

admin@villavieresidences.com,

mike@villavieresidences.com, and

kathy@villavieresidences.com,

in lieu of traditional service methods.  A proposed order is attached for the Court's convenience.

Dated: June 2, 2025          GELLERT SEITZ BUSENKELL & BROWN, LLC

                */s/ Gary F. Seitz*
                Gary F. Seitz (DE 4457)
                1202 N. Orange Street, Suite 300
                Wilmington, DE 19801
                Telephone: (215) 238-0011
                Facsimile:  (302)425-5814
                gseitz@gsbblaw.com

                *Counsel to Plaintiff*

## EXHIBITS

Exhibit A Contract
Exhibit B DBI response to service
Exhibit C Fl annual Report
Exhibit D Waiver of Service Package
Exhibit E  Proof of Fed Ex Deliveries (FL and Marshal Islands)
Exhibit F  Email to Attorney Bers
Exhibit G  Postal Receipt