## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- /

**JENNY PHENIX**,

    Plaintiff,

    v.

**VILLA VIE RESIDENCES INCORPORATED,**

**VILLA VIE RESIDENCES CORPORATION,**

    &

**VV ODYSSEY LLC**

    Defendants.

CASE NO.: 1:25-cv-00378-RGA

---

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE

Plaintiff, Jenny Phenix, by and through her undersigned counsel, provides the following memorandum, of law in support of her motion for an Order permitting Plaintiff to serve all three Defendants with the summons and complaint in the above-captioned matter via email, pursuant to Fed. R. Civ. P. 4(f)(3), 4(e) and 4(h).

### SERVICE ON FOREIGN DEFENDANTS

Federal Rule of Civil Procedure 4, provides in subsection (h) that service must be made on a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."13F 14 Fed.R.Civ.P. 4(f) provides: (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual … may be served at a place not within any judicial district of the United States: (1) by any internationally

agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; (B) as the foreign authority directs in response to a letter rogatory or letter of request; or (C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or (3) by other means not prohibited by international agreement, as the court orders.

Plaintiff seeks to effectuate service upon the two foreign Defendants pursuant to Court order under Rule 4(f)(3).  "Service pursuant to Rule 4(f)(3) is neither a last resort nor extraordinary relief . . . [i]t is merely one means among several which enables service of process on an international defendant." *Vanderhoef v. China Auto Logistics Inc*., Civ. Act. No. 2:18-cv-10174, 2019 WL 6337908, *2 (D.N.J. Nov. 26, 2019) (*quoting Knit With v. Knitting Fever, Inc*., No. 08-4221, 2010 WL 4977944, *3 (E.D.Pa. Dec. 7, 2010) (internal punctuation omitted). "[S]ervice under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."  *See, Crockett v. Luitpold Pharmaceuticals, Inc*., Civ. Act. No. 19-276, 2020 WL 4039046, *2 (E.D.Pa. July 17, 2020).  "'[T]he task of determining when the particularities and necessities of a given case require alternative service of process under rule 4(f)(3)' is left 'to the sound discretion of the district court.'"  *Crockett*, 2020 WL 4039046, *1 (*quoting Rio Props*., 284 F.3d at 1014).

The Supreme Court has noted that the "Due Process Clause requires every method of

service to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S.Ct. 2104, 2109 (1988) (noting that foreign nationals are not excepted from the protection of the Due Process Clause).

Courts permit a variety of alternative methods of service, including delivery to a defendant's counsel. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (noting that court authorized alternative methods of service include publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex and email). *See also Marks Law Offices, LLC v. Mireskandari*, 704 Fed. App'x 171, 177 (3d Cir. 2017) (*citing Rio Props.*). "A number of courts … have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf." *Bazarian Int'l Fin. Assoc., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F.Supp.3d 1, 15 (D.D.C. 2016)(citing *Freedom Watch*, 766 F.3d at 83 (citing cases)). *See also Knit With*, 2010 WL 4977944, *4 (citing cases). "So long as there exists adequate and recent contact between a foreign defendant and their domestic counsel, service on domestic counsel is sufficient to ensure that the defendant will receive notice of the suit." *Crockett,* 2020 WL 4039046, *3 (*citing GLG Life Tech.*, 287 F.R.D. at 267).

"Courts have also found that avoiding the additional expense of serving a defendant in a foreign try is a valid justification for granting an alternative method of service." *Affinity Labs*, 2014 WL 11342502, *3 (*citing cases*).

Under the facts and circumstances of this case, it is unnecessary and inefficient to require

the plaintiff to go through the process of effectuating service upon the two foreign defendants overseas. The plaintiff seeks authority to serve process on the two foreign defendants by sending a copy of the summons and complaint to the company's principals via electronic mail. Such service constitutes valid service pursuant to Federal Rule of Civil Procedure 4(f)(3).

### SERVICE ON DOMESTIC DEFENDANT DUE TO EVASION

One of the defendants, Villa Vie Residences Corporation, is a Florida entity.   Federal Rule of Civil Procedure 4(h) provides that a domestic or foreign corporation may be served in the manner prescribed by Rule 4(e)(1)(state law),  by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process or in any manner prescribed by Rule 4(f).

Villa Vie Residences Corporation has not returned the waiver of service form and has rejected plaintiff's mailed summons and complaint.

Federal courts have authorized alternative service of process, including service by e-mail, where a defendant has evaded service and the proposed alternative method is reasonably calculated to provide notice of the action and an opportunity to be heard. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002)(service of process by e-mail was proper not only because it was reasonably calculated to apprise the defendant of the pendency of the action and afford it an opportunity to respond, but also because it was the method of service most likely to reach the defendant).  An e-mail sent to an e-mail address supplied by the defendants to their  domain name registrar presumably reaches the defendants when it does not bounce back. *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560 (E.D. Tenn. Nov. 16, 2004).

The court may authorize an alternative form of service where as here traditional means have failed due to intentional conduct of the defendant or are practically unavailable.  *Oh v. Chan*,

2008 WL 11338884, at *2 (C.D. Cal. Sept. 16, 2008) ("Courts have certainly authorized alternative service when plaintiffs have gone to great—and unsuccessful—lengths to effect service through traditional means or where the defendant proved to be particularly evasive."

Delaware's long-arm statute permits service of process on a foreign defendant by personal service, by mail with signed return receipt, by means authorized by the foreign jurisdiction where service is to occur, or "[a]s directed by a court." 10 Del. C. § 3104(d).  Each of the grounds listed is an independent basis for affecting service, and alternative methods of service are appropriate so long as they are reasonably calculated to give actual notice. Delaware Courts have concluded that § 3104(d)(4)'s "[a]s directed by a court" language was an independent basis for service of process. The Courts reach this conclusion by looking at the structure of § 3104(d), to the broad construction given to the Delaware long-arm statute, and by analogy, to Federal Rule of Civil Procedure 4(f)(3), which contains similar language to § 3104(d)(4). Therefore, the court may authorize substituted service by email in circumstances such as this. *Skye Mineral Investors, LLC v. DXS Capital (U.S.) Ltd.,* C.A. No. 2018-0059-JRS (Del. Ch. Jul. 15, 2021)[1].

Although the decision to allow service by alternate methods lies solely within the discretion of the court, the defendants should not be allowed to evade service by confining their business practices to methods of communication not specifically mentioned in the Federal Rules. Courts have further recognized that when a defendant is playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process. Authorization of service by e-mail ultimately seeks to prevent such gamesmanship.

---

[1] https://law.justia.com/cases/delaware/court-of-chancery/2021/c-a-no-2018-0059-jrs.html.

Dated: June 2, 2025                    GELLERT SEITZ BUSENKELL & BROWN, LLC

                                        */s/ Gary F. Seitz*
                                        Gary F. Seitz (DE 4457)
                                        1202 N. Orange Street, Suite 300
                                        Wilmington, DE 19801
                                        Telephone: (215) 238-0011
                                        Facsimile: (302)425-5814
                                        gseitz@gsbblaw.com

                                        *Counsel to Plaintiff*