IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JENNY PHENIX**, | |
| Plaintiff, | CASE NO.: 1:25-cv-00378-RGA |
| v. | |
| **VILLA VIE RESIDENCES INCORPORATED,** | |
| **VILLA VIE RESIDENCES CORPORATION,** | |
| & | |
| **VV ODYSSEY LLC** | |
| Defendants. | |

**DECLARATION IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

I, Gary F. Seitz, hereby declare as follows:

1. I am an attorney in the law firm Gellert Seitz Busenkell & Brown LLC.

2. My firm is counsel to Plaintiff, Jenny Phenix, in connection with this lawsuit.

3. I make this declaration in support of Plaintiff's Motion for Alternative Service (hereinafter "Motion"). Except as otherwise stated, I have personal knowledge of the matters set forth herein and can and will testify thereto if called upon to do so.

4. The three Defendants, Villa Vie Residences Incorporated ("VVRI") of the Republic of the Marshal Islands, VV Odyssey, LLC ("VV") of the Republic of the Marshal Islands and Villa Vie Residences Corporation ("VVRC") of Florida (collectively "Defendants" or the "VILLA VIE GROUP") refer to themselves as the VILLA VIE GROUP.

1

5. This lawsuit involves the claims of Jenny Phenix in connection with the sale of residential cruise ship services by the VILLA VIE GROUP.

6. The contract issued to the plaintiff by the VILLA VIE GROUP in connection with this matter specifically provided in paragraph 9:

> 9. No suit shall be maintainable against VVRI or the Vessel upon any claim relating to the damage or loss to any property unless the Voyager provides a written notice of the claim, with full details, which shall be delivered to VVRI at its Villa Vie Residences Incorporated registered office at the address on page 1 of this contract within thirty (30) days after the termination of the voyage to which this circumnavigation Contract relates or during the circumnavigation onboard to the general manager's attention and acknowledgment of receipt has been received by the voyager from the onboard representative; and in no event shall any suit for any cause against VVRI or the vessel with respect to loss of or damage to property be maintainable
>
> *This document is signed using GetAccept Digital Signature Technology.*
> *Fingerprint: f51b13ee421a56197799b21cef17c4b215b212e6b14298e8b3a204a863cd6f9b63dba98b558b91eebe5dea2504cd959bc67f85ac5947f6e275b99cd85c2634d6*
>
> unless suit shall be filed within one year after the termination of the voyage and process has been served within one hundred twenty days after filing, notwithstanding any provision of law of any state, territory, possession or country to the contrary.

7. Page 1 of the contract provided the following information:

**VOYAGER RESERVATION CONTRACT**

This Voyager Reservation Contract is issued by Villa Vie Residences Incorporated (VVRI) a company incorporated in the State of Delaware, USA whose registered office is located at # 700 -3422 Old Capital Trail, PMB 1461 Wilmington, DE 19808.

8. The contract issued to the plaintiff by the VILLA VIE GROUP in connection with this matter specifically provided in paragraph 10:

> 10. It is agreed by and between Voyager and carrier that all claims, disputes, and matters whatsoever arising under, arising out of, or relating to this circumnavigation contract shall be litigated in and before a court of competent jurisdiction located in Wilmington Delaware, U.S.A. This circumnavigation contract provides for the exclusive resolution of disputes through individual legal action on the voyager's own behalf instead of through any class action. Even if the applicable law provides otherwise, Voyager agrees that any lawsuit against the carrier whatsoever shall be litigated by Voyager individually and not as a member of any class or as part of a class action, and Voyager expressly agrees to waive any law entitling Voyager to participate in a class action.

9. A true copy of the agreement was attached to the Motion as Exhibit A.

10. On March 28, 2025, I arranged the personal service of the summons and complaint

for the VILLA VIE GROUP at the address of its Delaware registered agent identified in the contract.

11.  On April 1, 2025, I received a letter and enclosures from the Delaware registered agent for Villa Vie Residences, Inc. indicating that it was no longer registered agent, had no forwarding address, and that the corporation itself had transferred its registry to the Republic of the Marshal Islands.

12.  A true copy of the letter and enclosures is attached to the Motion as Exhibit B.

13.  The VILLA VIE GROUP regularly conducts its business by email and other electronic means through its website at the domain: https://villavieresidences.com/.

14.  On October 3, 2024, as counsel for the plaintiff, I sent a preservation of evidence letter by email to the VILLA VIE GROUP addressed as:

Email To:    admin@villavieresidences.com
             mike@villavieresidences.com
             kathy@villavieresidences.com
             Villa Vie Residences Incorporated
             Villa Vie Residences Corporation
             VV Odyssey LLC
             M/V ODYSSEY

15.  I believe that each email was received because no server rejections or "bounces" were received for any of the messages.

16.  In addition, I received email messages from both email addresses of Mike and Kathy concerning various issues raised in the letter.

17.  The email address mike@villavieresidences.com is for Mikael Petterson, listed as CEO of VVC on the 2024 Florida Corporation Annual Report filed with the Florida Secretary of State.

18.  A true copy of the 2024 Florida Corporation Annual Report filed with the Florida

Secretary of State is attached to the Motion as Exhibit C.

19. The email address kathy@villavieresidences.com is for Kathryn Villalba, listed as COO of VVC on the 2024 Florida Corporation Annual Report filed with the Florida Secretary of State.

20. On October 31, 2024, as counsel for the plaintiff, I sent a settlement demand letter by email to the VILLA VIE GROUP addressed as:

Email To:   admin@villavieresidences.com
            mike@villavieresidences.com
            kathy@villavieresidences.com
            Villa Vie Residences Incorporated
            Villa Vie Residences Corporation
            VV Odyssey LLC
            M/V ODYSSEY

21. I believe that each email was received because no server rejections or "bounces" were received for any of the messages.

22. In addition, on November 5, 2024, in response to the demand letter, I was advised in a telephone call that the following counsel represented defendants:

Steven E. Bers / Partner
**Whiteford Taylor Preston, LLP**
7 St. Paul Street, Suite 1900
Baltimore, Md 21202
410.347.8724 / 443.540.5171 (c)
Sbers@Whitefordlaw.com | www.whitefordlaw.com

23. I engaged in settlement discussions with Mr. Bers by telephone and by email.

24. When the parties' disputes were not resolved by settlement, I filed the complaint instituting this case against the VILLA VIE GROUP on March 27, 2025.

25. Pursuant to Federal Rule of Civil Procedure, Rule 4(d)(1), on March 28, 2025, I had the following documents delivered by Federal Express to each defendant at the address indicated on the complaint:

      a.    A summons for each defendant.

      b.    Requests for waiver of service.

      c.    Forms for wavier of service.

      d.    The complaint with civil cover sheet.

A true copy of these documents is attached to the Motion as Exhibit D.

26.    The tracking information from Federal Express establishes that the documents were received by the addressees.

27.    A true copy of the tracking information is attached to the Motion as Exhibit E.

28.    Pursuant to Federal Rule of Civil Procedure, Rule 4(d)(1), on March 28, 2025, the following documents were emailed to Mr. Bers in his capacity as counsel for the defendants:

      a.    A summons for each of the firm's clients.

      b.    Requests for waiver of service.

      c.    Forms for wavier of service.

      d.    The complaint with civil cover sheet.

29.    A true copy of the cover email is attached as Exhibit F.

30.    I believe that the email was received because no server rejections or "bounces" were received for the message.

31.    According to Richard Hickson, Attorney General, Republic of Marshals Island, service of process must be done through the "Trust Company of the Marshall Islands, Inc." (TCMI), which acts as the mandatory registered agent for all non-resident corporations and business entities at: Trust Company Complex, Ajeltake Road, Ajeltake, Majuro MH 96960, Marshall Islands.

32.    Pursuant to Federal Rule of Civil Procedure, Rule 4(d)(1), on April 2, 2025, I

arranged for the following documents to be delivered by Federal Express to Villa Vie Residences, Inc. care of TCMI at its address in the Marshall Islands:

    a.    A summons for defendant.

    b.    Request for waiver of service.

    c.    Form for wavier of service.

    d.    The complaint with civil cover sheet.

33. According to the Ancillary Legal Corporation, an expert provider of foreign service of process, formal service in the Marshal Islands requires Letters Rogatory pursuant to United States Code Title 22 Foreign Relations, Chapter I Department of State, Sec 92.54. Letters Rogatory through diplomatic channels are mandated for formal service in all countries that are not parties to an international process treaty.

34. I obtained a quote from Ancillary Legal Corporation to effectuate service through diplomatic channels. The United States' State Department's filing fees is $2275. I was told that a litigant's total cost will amount to several thousand dollars more. The total cost for this method of service could be as much as $5000 or more for the two defendants located in the Marshal Islands.

35. None of the waivers of service have been returned to my office.

36. I sent various follow-up email requests to counsel for the VILLA VIE GROUP. On May 29, 2025, Mr. Bers responded to a follow-up email indicating that he did not represent any defendants in connection with this case.

37. On May 2, 2025, the deadline for Villa Vie Residences Corporation, a Florida entity, to return the domestic signed waiver forms expired.

38. On June 2, 2025, the deadline for Villa Vie Residences Incorporated ("VVRI")

of the Republic of the Marshal Islands, VV Odyssey, LLC ("VV") of the Republic of the Marshal Islands, to return the foreign signed waiver forms expired.

39. Villa Vie Residences Corporation identifies its business address on its website as a postal box: Villa Vie Residences PO Box 820513, Pembroke Pines, Florida 33082.

40. Villa Vie Residences Corporation identifies its principal place of business with the Florida Secretary of State as 1413 SW 156th Way, Pembroke Pines, Florida 33027.

41. According to the Broward County public records, 1413 SW 156th Way, Pembroke Pines, Florida 33027 is a residential home with 4 bedrooms and 3 bathrooms.

42. Service was arranged for Villa Vie Residences Corporation by certified mail return receipt requested pursuant to Delaware law as incorporated into Rule 4. Delaware's long-arm statute, 10 Del. C. § 3104 ("Section 3104"). The tracking information indicates that the summons and complaint were rejected by Villa Vie Residences Corporation. See Exhibit G attached to the Motion.

43. My investigation included reviewing communications between my client and the VILLA VIE GROUP. The course of dealing between Plaintiff and the VILLA VIE GROUP was through email for business communication addressed to:

Email To:   admin@villavieresidences.com
mike@villavieresidences.com
kathy@villavieresidences.com

I declare that the foregoing is true under the penalty of perjury. Executed June 2, 2025, in the District of Delaware.

Dated: June 2, 2025                                    GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Gary F. Seitz*
Gary F. Seitz (DE 4457)
1202 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (215) 238-0011
Facsimile:  (302)425-5814
gseitz@gsbblaw.com

*Counsel to Plaintiff*

8