# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JENNY PHENIX,                              )
                                           )
        Plaintiff,                     )
                                           )
v.                                         )    Case No. 1:25-cv-00378-RGA
                                           )
VILLA VIE RESIDENCES                       )
INCORPORATED, VILLA VIE                    )
RESIDENCES CORPORATION, and                )
VV ODYSSEY LLC,                            )
                                           )
        Defendants.                   )

## DEFENDANTS' OPENING BRIEF IN SUPPORT
## OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ROSENTHAL LAW GROUP
Alex P. Rosenthal (admitted *pro hac vice*)
Amanda Jassem Jones (admitted *pro hac vice*)
2103 N. Commerce Parkway
Weston, FL  33326
(954) 384-9200
alex@rosenthalcounsel.com
amanda@rosenthalcounsel.com

CROSS & SIMON LLC
Christpher P. Simon (No. 3697)
David G. Holmes (No. 4718)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
csimon@crosslaw.com
dholmes@crosslaw.com

*Counsel for Defendants*

Dated: July 21, 2025

# TABLE OF CONTENTS

I.  Preliminary Statement ........................................................................................ 1

II.  Nature and Stage of Proceedings ........................................................................ 1

III.  Summary of Argument.................................................................................2

IV.  Statement of Facts ............................................................................................ 2

V.  Argument ......................................................................................................... 3

    A. Maritime Law Governs This Dispute ............................................................ 3

    B. The Complaint is an Impermissible Shotgun Pleading .................................. 4

    C. The Complaint Must be Dismissed Against
       Defendants VVRC and VVO ...................................................................... 5

    D. Plaintiff Fails to State a Claim for Breach of Contract .................................. 7

        1.  Breach of Contract Claim Fails Against VVRC and VVO
            Because They Are Not Parties to the Contracts …………………..………... 7

        2.  The Breach of Contract Claim Impermissibly Seeks Damages
            Barred by Contractual Limitation of Damages Provisions ………………….. 7

    E. Plaintiff's Promissory Estoppel Claim Fails ................................................. 9

    F. Plaintiff's Conversion Claim Fails ............................................................... 10

        1. Plaintiff's Conversion Claim is Barred by Maritime's
           Economic Loss Rule …………………………………………………….... 10

        2. The Unrefunded Deposit Monies Cannot Serve
           as the Predicate for Conversion ...………………….………………….... 11

    G. Plaintiff's Unjust Enrichment Claim Fails ................................................... 11

    H. Plaintiff's FDUTPA Claim Fails................................................................... 12

        1. Plaintiff's FDUPTA Claim is Preempted by Maritime Law ……………..... 12

        2. Plaintiff Fails to Plead the FDUPTA Claim with Sufficient Particularity ....... 12

3. Plaintiff's FDUPTA Claim is Barred by the Contracts ...................................... 13

4. Plaintiff's Claim for Punitive Damages is Barred ............................................ 14

I. Plaintiff's Fraud Claim Fails ......................................................................................... 15

1. Plaintiff Fails to Plead Fraud with Sufficient Particularity ............................ 15

2. Plaintiff's Fraud Claim is Barred by Maritime Economic Loss Rule ........... 16

3. Plaintiff Fails to Establish Reasonable Reliance for Fraud ………………….. 16

4. The Alleged Press Statements Do Not Constitute Fraud ………..………... 17

5. Plaintiff's Claim for Punitive Damages is Barred ............................................ 18

J. Plaintiff Fails to State Claims for IIED and NIED ........................................................ 18

1. Plaintiff Fails to Allege Outrageous Conduct for IIED .................................. 18

2. Plaintiff Fails to Allege Sufficient Physical Impact for IIED and NIED …….. 19

K. Plaintiff's Invasion of Privacy Claim Fails .................................................................. 20

VI. Conclusion .................................................................................................................... 20

## TABLE OF AUTHORITIES

**Cases**

*Alexander v. Cigna Corp.*, 991 F. Supp. 427 (D.N.J. 1998) .................................................... 17

*American Marine Tech, Inc. v. World Group Yachting, Inc.*,
418 F. Supp. 3d 1075 (S.D. Fla. 2019) …………….....................................................11

*Accountable Health Sols., LLC v. Wellness Corp. Cols. LLC*,
333 F. Supp. 3d 1156 (D. Kan.2018)……………………………………………………9

*Angiamo Marine, Ltd. v. Ocean Marine, LLC*, 2018 WL 6519160 (S.D. Fla. 2018) ........... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………3

*Bartol v. Barrowclough*, 251 F. Supp. 3d 855 (E.D. Pa. 2017) ............................................ 4-5

*Black Gold Marine, Inc. v. Jackson Marine Company, Inc.*,
759 F.2d 466 (5th Cir. 1985) ...................................................................................16

*Busch Marine Group, Inc. v. Calumet River Fleeting, Inc.*,
617 F. Supp. 3d 809 (E.D. Mich. 2022) ................................................................. 10

*BVI Marine Const. Ltd. v. ECS-Florida, LLC*,
2013 WL 6768646 (S.D. Fla. 2013)……………………………………………………16

*Cahall v. Carey's Diesel, Inc.*, 2018 WL 2370869 (D. Del. 2018) ...................................... 12

*Calhoun v. Yamaha Motor Corp., U.S.A.*, 40 F.3d 622 (3rd Cir. 1994) .............................. 4

*Carrera v. Bayer Corp.*, 727 F. 3d 300 (3rd Cir. 2013) ........................................................ 14

*Cheney v. Daily News L.P.*, 654 Fed.Appx. 578 (3rd Cir. 2016) ......................................... 18

*Coper v. Meridian*, 575 F.3d 1151 (11th Cir. 2009) ............................................................. 3

*Cummings v. Holland Am. Line Westours, Inc.*,
1999 WL 1293577 (W.D. Wash. 1999) .................................................................... 20

*Dann Marine Towing LC v. Gen. Ship Repair Corp.*,
2017 WL 3916992 (D. Md. 2017) …………….................................................... 9

*Delta Marine, Inc. v. Whaley,* 813 F. Supp. 414 (E.D. N.C. 1993)………………………12

*DeRossi v. Nat'l Loss Mgt.,* 328 F. Supp. 2d 283 (D. Conn. 2004)………………………………12

*Diaz v. FCA US LLC*, 2022 WL 4016744 (D. Del. 2022) ................................................... 6

*Doe v. Community College of Baltimore County*,
595 F. Supp. 3d 392 (D. Md. 2022) ................................................................................... 7

*Dorestin v. Hollywood Imports, Inc.,* 45 So. 3d 819 (Fla. 4th DCA 2010)………………………14

*East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986) ........................ 4

*Ecommerce v. MWA Intelligence Inc*., 2013 WL 5621678 (Del. Super. 2013)……………………..9

*Ellenwood v. Exxon Shipping Co*., 795 F. Supp. 31 (D. Maine 1992) ............................... 19

*Foulke v. Township of Cherry Hill*, 2024 WL 3568841 (D. N.J. 2024) .............................. 5

*F.W.F., Inc. v. Detroit Diesel Corp.,* 494 F. Supp. 2d 1342 (S.D. Fla. 2007)……………………12

*Gary v. D. Agustini & Assocs*., S.A., 865 F. Supp. 818 (S.D. Fla. 1994) ...................................... 11

*Gary v. Deluxe Corp*., 2022 WL 2817864 (D. Del. 2022)………………………………………19

*Geftman v. Boat Owners Ass'n of the U.S.*, 2003 WL 23333312 (D. S.C. 2003) ............. 12

*Glander Int'l Bunkering Inc. v. M/V Dvina Gulf*, 2022 WL 950995 (D. N.J. 2022) ......... 8

*Great Lakes Ins. SE v. Raiders Retreat Realty Co*., 601 U.S. 65 (2024)……………………………3

*Greenspan v. ADT Services Inc*., 444 Fed. Appx. 566 (3rd Cir. 2011) ............................. 9

*Grupo HGM Tecnologias Submarina, v. Energy Subsea, LLC*,
566 F. Supp. 3d 1227 (S.D. Ala. 2021) ……….......................................................... 11

*Holekamp v. WestPort LLC*, 2025 WL 592842 (W.D. Wash. 2025) .......................... 10, 16

*Inouye v. Adidas America, Inc.*
2023 WL 2351654 (M.D. Fla. 2023)……………………………………………………………12

*In re Fresh and Process Potatoes Antitrust Litigation*,
834 F. Supp. 2d 1141 (D. Idaho 2011) ......................................................... 7

*In re M/V Rickmers Genoa Litigation*, 622 F. Supp. 2d 56 (S.D.N.Y. 2009) .....................6, 7, 8

*In re Rockefeller Ctr. Props. Sec. Litig*., 311 F.3d 198 (3d Cir. 2002) .............................. 16

*JC Trading Ltd. v. Walmart*, 947 F. Supp. 2d 449 (D. Del. 2013) .............................. 10, 17

*Kingston Shipping Co. v. State of Fla*., 667 F.2d 34 (11th Cir. 1982) ............................. 10

*Kuroda v. SPJS Holdings*, 971 A.2d 872 (Del. 2009) ...................................................... 11

*Kyle v. Apollomax, LLC*, 987 F. Supp. 2d 519 (D. Del. 2013) ......................................... 11

*Lafarge N.A., Inc. v. Matraco Co., Inc*., 2008 WL 2277503 (S.D. Fla. 2008) ................. 17

*Maglana v. Celebrity Cruises Inc.*, 136 F.4th 1032 (11th Cir. 2025) ................................ 18

*Market America Inc. v. Google, Inc*., 2011 WL 1485616 (D. Del. 2011) ........................... 4

*Matter of Wilson Yachts, LLC*, 605 F. Supp. 3d 695 (D. Md. 2022) ................................. 19

*Monjasa A/S v. Mund & Fester*, 477 F. Supp. 3d 112 (S.D.N.Y. 2020) ............................. 6

*Metro-North Commuter R. Co. v. Buckley,* 521 U.S. 424 (1997)…………………………………19

*Norwalk Cove Marina, Inc., v. S/V Odysseus,* 90 F. Supp. 2d 190 (D. Conn. 2000)……………..12

*Ocean Beauty Seafoods, LLC v. Captain Alaska*,
603 F. Supp. 3d 1005 (W.D. Wash. 2022) ........................................................................... 6

*OCT Tint Shop, Inc. v. CP Films, Inc*., 2018 WL 4658211 (D. Del. 2018) ...................... 9

*One Beacon Ins. Co. v. Crowley Marin Services, Inc*., 648 F. 3d 258 (5th Cir. 2011) ……………8

*Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Services, LLC*,
913 F. Supp. 2d 254 (E.D. La. 2012) ................................................................................. 17

*Paul v. Celebrity Cruises, Inc*., 2021 WL 7082839 (S.D. Fla. 2021) ................................ 19

*Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc*.,
998 F. 2d 1192 (3rd Cir. 1993)……………………..………………………………………8

*Rosa v. Amoco Oil Co.,* 262 F. Supp. 2d 1364 (S.D. Fla. 2003)……………………………………14

*S/Y Paliador, LLC v. Platypus Marine, Inc*.,
750 F. Supp. 3d 1187 (W.D. Wash. 2024) .......................................................................... 9

*Smith v. Sox*, 2023 WL 4157362 (M.D. Fla. 2023) ....................................................... 20

*St Clair Marine Salvage Inc v. M/Y Blue Marlin*,
2014 WL 2480587 (E.D. Mich. 2014) ................................................................. 16

*Story v. National Security Agency*, 2024 WL 4452693 (N.D. N.Y. 2024) ...................... 20

*Sullivan v. Sovereign Bancorp, Inc*, 2002 WL 753863 (3rd Cir. 2002) ............................ 4

*U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc*.,
149 F.3d 227 (3d Cir. 1998) .............................................................................. 16

*Wallis v. Princess Cruises, Inc*., 306 F. 3d 827 (9th Cir. 2002) ............................... 18-19

**Statutes and Rules**

28 U.S.C. § 1333 ................................................................................................ 1

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 4

Fed. R. Civ. P. 9(b) ..................................................................................... 12, 15-16

Fed. R. Civ. P. 10(b) .......................................................................................... 4

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1, 3

Fla. Stat. § 501.201 ........................................................................................ 12, 14

## I. Preliminary Statement

This action is a contract dispute stemming from Plaintiff's agreements with Defendant Villa Vie Residences Incorporated for residential cruise services. In an overreaching attempt to weave a grand tapestry of tort litigation from the slender thread of a straightforward contract dispute, Plaintiff has inflated this simple claim with excessive and unfounded claims, including fraud, emotional distress, and invasion of privacy, along with demands for punitive damages that exceed the contract's clear limit to a refund of payments. The Complaint's overreach, combined with its flawed shotgun pleading and failure to state viable claims, justifies dismissal with prejudice of all counts. Defendants Villa Vie Residences Incorporated ("VVRI"), Villa Vie Residences Corporation ("VVRC"), and VV Odyssey LLC ("VVO") (collectively, "Defendants") submit this Opening Brief in Support of their Motion to Dismiss Plaintiff's Complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Defendants also request that the Court strike Plaintiff's impermissible damage claims, which are barred by the contracts and maritime law.

## II. Nature and Stage of Proceedings

On March 27, 2025, Plaintiff filed a nine-count Complaint alleging breach of residential cruise contracts and related torts, including Breach of Contract, Promissory Estoppel, Conversion, Unjust Enrichment, Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fraud, Intentional Infliction of Emotional Distress ("IIED"), Negligent Infliction of Emotional Distress ("NIED"), and Invasion of Privacy. Compl. ¶¶59–132. Plaintiff invokes admiralty jurisdiction under 28 U.S.C. § 1333. Compl. ¶ 8. Defendants move to dismiss all counts, arguing that the Complaint impermissibly groups Defendants, names incorrect parties, and fails to state viable claims under maritime law, which governs pursuant to the applicable contracts' choice-of-law provisions. Compl. Ex. A, § 12(8).

1

### III. Summary of Argument

1.     The Complaint is an impermissible shotgun pleading.

2.     The Complaint fails to state a claim against non-contracting defendants.

3.     Plaintiff's damage claims are barred by contractual limitations.

4.     The Complaint fails to state a claim for promissory estoppel where the parties' agreement addresses their respective obligations.

5.     The parties' agreement and the Maritime Economic Loss Rule bar a claim for conversion.

6.     The Complaint fails to state a claim for unjust enrichment where the parties' agreement addresses their respective obligations.

7.     The FDUPTA Claim is not pleaded with particularity, barred by the parties' agreement, and preempted by Maritime Law.

8.     Plaintiff has failed to plead elements of fraud, and averments of fraud with particularity, and a fraud claim is barred by the Maritime Economic Loss Rule.

9.     Plaintiff has failed to plead claims for torts of intentional infliction of emotional distress and negligent infliction of emotional distress

10.     Plaintiff has failed to plead a claim for invasion of privacy.

### IV. Statement of Facts

Plaintiff, a Florida resident, alleges she entered into contracts with Defendants, which Plaintiff defines collectively as the "Villa Vie Group," on December 5, 2023, December 27, 2023, and April 14, 2024, for residential cruise services aboard the Villa Vie Odyssey. Compl. ¶ 17. However, the attached contracts identify only Plaintiff and VVRI as counterparties. Compl. Ex. A, B, C. Plaintiff claims Defendants misrepresented cruise amenities, inducing her to contract, and

then unilaterally canceled the agreements on July 19, 2024, citing her "continuous complaints and negativity." Compl. ¶¶ 32–34, 65. She further alleges that Defendants' false press statements caused her emotional distress. Compl. ¶¶ 46–47, 57. The contracts, governed by maritime law, limit Plaintiff's damages to a refund of payments and expressly disclaim liability for emotional distress, consequential, and punitive damages. Compl. Ex. A, §§ 10–12.

## V. Argument

To survive a Rule 12(b)(6) motion, a complaint must plead sufficient facts to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts accept well-pleaded facts as true but disregard conclusory allegations. *Id*. Plaintiff's Complaint fails for the following reasons.

### A.    Maritime Law Governs This Dispute

Maritime law governs this dispute, as the contracts explicitly provide: "[e]xcept as otherwise expressly set forth herein, this ticket contract and *all disputes or claims whatsoever by voyager arising from or related to this ticket contract* shall in all respects and without regard to conflict of law principles, be governed by and construed in accordance with general maritime law of the United States of America." Compl. Ex. A, § 12(8)(emphasis added).

This broad choice-of-law provision, enforceable under maritime law, encompasses both contract and related tort claims. *Great Lakes Ins. SE v. Raiders Retreat Realty Co.*, 601 U.S. 65, 76 (2024)("As a matter of federal maritime law, choice-of-law provisions in maritime contracts are presumptively enforceable[,] ... [unless] the chosen law would contravene a controlling federal statute ... or conflict with an established federal maritime policy, ... [or when] the parties can furnish no reasonable basis for the chosen jurisdiction."); *Coper v. Meridian*, 575 F.3d 1151, 1162-1163 (11th Cir. 2009)(finding that a broad contractual choice of law provision for construction of ship that provides "all disputes arising out of or in connection with the agreement" encompasses

3

related tort claims); *Sullivan v. Sovereign Bancorp, Inc*, 2002 WL 753863, at *2 (3rd Cir. 2002)(affirming that the breadth of the choice of law provision was broad and all-encompassing so as to encompass the related tort claims); *Market America Inc, v. Google, Inc.*, 2011 WL 1485616, at *2 (D. Del. 2011)(holding that a choice of law provision that provided "this agreement and any claim or dispute of whatever nature arising out of or relating to this Agreement" encompassed the tort disputes regarding the transaction).

General maritime law – an amalgam of common-law rules drawn from state and federal sources, modifications, and newly created rules – applies absent a controlling statute. *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 864-865 (1986). State law may supplement maritime law only where maritime law is silent, and it does not conflict with or disrupt its uniformity. *Calhoun v. Yamaha Motor Corp., U.S.A.*, 40 F.3d 622, 627 (3rd Cir. 1994).

**B.    The Complaint is an Impermissible Shotgun Pleading**

Fed.R.Civ.P. 8(a)(2) requires a "short and plain statement of the claim" showing entitlement to relief.  Fed.R.Civ.P. 10(b) mandates that claims be stated in numbered paragraphs, each limited to a single set of circumstances, with separate counts for distinct transactions or occurrences. Shotgun pleadings, which fail to clarify claims or specify defendants' roles, violate these rules and warrant dismissal. *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017)(acknowledging that district courts within the Third Circuit often cite to and follow Eleventh Circuit precedent concerning improper shotgun pleadings (citing *Weiland v. Palm Beach Cnty. Sheriff's Off*, 792 F.3d 1313, 1321-1323 (11th Cir. 2015)(categorizing "shotgun pleadings" into four types: (1) those in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each

cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which claim(s) apply to which Defendants)).

Plaintiff's 23-page, 140-paragraph Complaint is a quintessential shotgun pleading. Each count incorporates the allegations of all preceding counts, causing each successive count to carry all that came before, and the last count is a combination of the entire complaint. This indiscriminate incorporation prevents Defendants from determining what facts support which claims or framing a responsive pleading. *See supra*. Furthermore, the Complaint groups Defendants as the "Villa Vie Group" (Compl. ¶ 5), asserting all claims against all Defendants without distinguishing their roles. For instance, it alleges misrepresentations about cabin features (Compl. ¶ 32) without specifying which or when each Defendant made each statement, or how each Defendant is plausibly responsible to Plaintiff. The cancellation claim (Compl. ¶ 65) similarly attributes conduct to the "Villa Vie Group" without identifying the responsible entity. This failure to differentiate Defendants' actions justifies dismissal in its entirety. *Bartol*, 251 F. Supp. 3d at 859–860 (finding an impermissible shotgun pleading where complaint was replete with allegations that the defendants engaged in certain conduct, making no distinction among the defendants and without specifying which defendants are responsible for which acts); *Foulke v. Township of Cherry Hill*, 2024 WL 3568841, *8 (D. N.J. 2024)(acknowledging that in the Third Circuit, pleadings that violate Rule 8 are referred to as shotgun pleadings, and dismissing complaint as improper shotgun pleading where plaintiffs asserted their claims against "defendants" as a collective unit, without specifying the conduct establishing each defendant's liability for every claim asserted).

## C.    The Complaint Must be Dismissed against Defendants VVRC and VVO

The Complaint improperly sues VVRC and VVO, which are not parties to any contracts with Plaintiff (Compl. Ex. A, B, C), without alleging any specific interaction by those parties with

Plaintiff. Only VVRI is a contracting party. *See id.* Plaintiff attempts to impute liability to VVRC and VVO via an agency theory, alleging that VVRI acted as their agent. Compl. ¶¶ 2–4. However, maritime law requires actual or apparent authority for an agency relationship, with apparent authority established only when a third party reasonably believes the agent has authority based on the principal's manifestations. *See Monjasa A/S v. Mund & Fester*, 477 F. Supp. 3d 112, 118 (S.D.N.Y. 2020)(holding that, in admiralty, whether one party has the authority to bind another to a maritime contract is a question of general maritime law and explaining the maritime principles of agency law as requiring actual or apparent authority for an agency relationship, with apparent authority established only when a third party reasonably believes the agent has authority based on the principal's manifestations); *In re M/V Rickmers Genoa Litigation*, 622 F. Supp. 2d 56, 68 (S.D.N.Y. 2009)(finding that federal maritime law embraces common law agency principles).

Plaintiff's conclusory agency allegations lack factual support, failing to allege any facts that show VVRI had explicit permission from VVRC or VVO to act on their behalf or that VVRC or VVO made any statements leading Plaintiff to believe VVRI had such authority. The Complaint is devoid of factual allegations that VVRI was an agent for VVRC and VVO, relying instead on speculative general claims against the "Villa Vie Group." Plaintiff cannot implicate VVRC and VVO as defendants in this matter simply by asserting multiple speculative claims against all Defendants as the "Ville Vie Group." *See Ocean Beauty Seafoods, LLC v. Captain Alaska*, 603 F. Supp. 3d 1005, 1010 (W.D. Wash. 2022)(dismissing breach of contract and fraud claims in a maritime law case that were predicated upon an agency theory where allegations failed to plausibly allege that party making fraudulent representations would bind other defendant under an agency theory); *see also Diaz v. FCA US LLC*, 2022 WL 4016744, at *43-44 (D. Del. 2022)(dismissing three defendants for lack of privity, finding that the agency allegations to impute liability were

conclusory and that plaintiff failed to allege facts sufficient to show acts of a party acting as a purported agent); *In re Fresh and Process Potatoes Antitrust Litigation*, 834 F. Supp. 2d 1141, 1169 (D. Idaho 2011)(holding that dismissal with prejudice is appropriate where plaintiff's agency allegations were far too conclusory for the court to infer an agency relationship to support liability).

Accordingly, all claims against VVRC and VVO must be dismissed.

**D.    Plaintiff Fails to State a Claim for Breach of Contract**

**1.    Breach of Contract Claim Fails Against VVRC and VVO Because They Are Not Parties to the Contracts**

Under maritime law, only contracting parties can be sued for breach. *In re M/V Rickmers Genoa Litigation*, 622 F. Supp. 2d 56, 72 (S.D.N.Y. 2009)(stating that a party is not bound to the terms of a contract unless the party consents to be bound). And no factual allegations in the Complaint support an agency relationship under maritime law. *See supra* V(C).  As established, only VVRI is a party to the contracts (Compl. Ex. A, B, C) and Plaintiff's allegation that all Defendants are parties to the contracts (Compl. ¶ 17) is directly contradicted by the attached contracts, which control. *Doe v. Community College of Baltimore County*, 595 F. Supp.3d 392, 404-05 (D. Md. 2022)(finding that a court can consider a document plaintiff attaches to its complaint when ruling on a motion to dismiss, and the general rule is that the exhibit prevails in the event of a conflict between an attached exhibit and the allegations of a complaint). Thus, the breach of contract claims against VVRC and VVO fail.

**2.    The Breach of Contract Claim Impermissibly Seeks Damages Barred by Contractual Limitation of Damages Provisions**

Plaintiff seeks damages for emotional distress, disappointment, pain and suffering, and vexation in an unliquidated amount not less than $300,000 (Compl. ¶¶ 81–82). These damages are barred by the contracts' limitation clauses, which, upon cancellation by VVRI for any reason,

restrict Plaintiff's damages to a full refund of payments, stating that "VVRI shall have no further liability of damages or compensation of any kind"[1] and expressly disclaiming liability for "emotional distress, mental suffering, or psychological injury of any kind," and for "consequential, incidental, exemplary, or punitive damages." Compl. Ex. A, §§ 10, 12.

These limitations inure to the benefit of nonparties, VVRC and VVO,[2] and apply to the contracts in Exhibits B and C, which incorporate identical terms and conditions via the Plaintiff's acknowledgment at https://villavieresidences.com/terms-and-conditions/. *Compare* Compl. Ex. A and Ex. 1; *One Beacon Ins. Co. v. Crowley Marine Services, Inc.*, 648 F.3d 258, 268-69 (5th Cir. 2011)(holding that the incorporation by reference doctrine applies to maritime contracts and that, under admiralty law, maritime contracts may validly incorporate terms from a website); *Glander Int' l Bunkering Inc. v. M/V Dvina Gulf*, 2022 WL 950995, at *7 (D. N.J. 2022)(stating that federal maritime law recognizes the doctrine of incorporation by reference when a maritime contract refers to terms and conditions from a party's website).[3]

---

[1] Paragraph 10(2) of the contracts states that "[i]f the circumnavigation is canceled by VVRI for any reason, VVRI shall thereupon return to the Voyager, if the Contract is completely canceled, a full refund of the circumnavigation Fare, or if the Contract is partially canceled, a proportionate part thereof. Under such circumstances, VVRI shall have no further liability of damages or compensation of any kind."

[2] Paragraph 12(11) of the contracts state that "[a]ll protections, benefits, defenses, and exclusions from and limitations of liability in favor of VVRI set forth in his circumnavigation contract shall also ensure the benefit of all VVRI Circumnavigation subsidiaries and affiliated or related companies . . . ." Thus, the contracts' third-party beneficiary clause regarding liability limitations allows VVRC and VVO to enforce these favorable terms without imposing any contractual obligations on behalf of VVRC or VVO under the contracts.  *In re M/V Rickmers Genoa Litigation*, 622 F. Supp. 2d at 56 (under maritime law, a third-party beneficiary may enforce contract terms in its favor; however, it in no way creates contractual obligations on behalf of the beneficiary).

[3] The court may consider the terms and conditions for Exhibits B and C to the Complaint, which are attached hereto as Exhibit 1. *Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993)(court may consider document that defendants attached as exhibit to motion to dismiss if plaintiff's claims are based on the document).

Damages' limitation clauses are enforceable under maritime law. *S/Y Paliador, LLC v. Platypus Marine, Inc.*, 750 F. Supp. 3d 1187, 1198-99 (W.D. Wash. 2024)(finding that plaintiff's remedies were limited per contract because limitation of liability clauses in maritime contracts, like any other contract, are enforceable); *Dann Marine Towing LC v. Gen. Ship Repair Corp.*, 2017 WL 3916992, at *25 (D. Md. 2017)(holding loss-of-use damages were not recoverable where the maritime contract at issue had a consequential damages limitation); *see also Greenspan v. ADT Services Inc.*, 444 Fed. Appx. 566, 570 (3rd Cir. 2011)(upholding the validity and enforceability limitation of liability clause in contract, limiting the plaintiff's damages to $500, which was equivalent to the annual service fee); *OCT Tint Shop, Inc. v. CP Films, Inc.*, 2018 WL 4658211, at *4 (D. Del. 2018)(granting defendants motion to dismiss based on limitation of liability provision in contract).[4] Thus, Plaintiff's damages for breach of contract are limited to a refund, and all other damages sought must be stricken.

## E.    Plaintiff's Promissory Estoppel Claim Fails

The promissory estoppel claim fails because the alleged promise to provide cruise services (Compl. ¶ 85) is specifically addressed by, and governed by the parties' written contracts. Compl. Ex. A, B, C. Promissory estoppel is unavailable when a contract covers the disputed promises. *Angiamo Marine, Ltd. v. Ocean Marine, LLC*, 2018 WL 6519160, at *4 (S.D. Fla. 2018)(a claim

---

[4] Neither maritime nor state common law recognizes an exception to the enforceability of contractual-limitation-of-damages provisions, even for breaches allegedly committed with malice, bad faith, or reckless indifference. *See eCommerce v. MWA Intelligence, Inc.*, 2013 WL 5621678, at *45 (Del. Super. 2013)(noting "there does not appear to be any Delaware precedent for striking a limitation on contractual liability because of a party's willful or bad faith breach of the contract"). Courts consistently hold that a party's bad faith breach does not invalidate a limitation-of-liability provision agreed to by the parties. *Id.; see also Accountable Health Sols., LLC v. Wellness Corp. Cols., LLC*, 333 F. Supp. 3d 1133, 1156-57 (D. Kan. 2018)(finding that under Delaware common law there is no exception to a limitation of liabilities clause even if the breaching party acted in bad faith). Here, regardless of Plaintiff's allegations of "intentional" or "bad faith" breaches, she remains bound by the limitation-of-damages provisions in the contracts she signed.

for promissory estoppel is prohibited when there is a written maritime contract between the parties covering the disputed promises); *see also JC Trading Ltd. v. Walmart*, 947 F. Supp. 2d 449, 457-458 (D. Del. 2013)(a promissory estoppel claim is barred where contracts cover the same subject as the alleged promise). Additionally, the Complaint's shotgun pleading structure incorporates the existence of a valid contract into the promissory estoppel count, further undermining this claim.

**F.    Plaintiff's Conversion Claim Fails**

   **1.    Plaintiff's Conversion Claim is Barred by Maritime's Economic Loss Rule**

   The conversion claim alleges that "Plaintiff paid tangible cash to Defendants in the amount of $14,391.00 to obtain the right to board and embark upon the residential cruise as a Voyager. However, Plaintiff never obtained such right or benefit because Defendants cancelled the Agreement without refund of any deposit. . . . ." (Compl, ¶ 91).  Similarly, the breach of contract claim alleges that "Plaintiff delivered funds to Defendants in the sum of $14, 391.00" for the residential cruise services, but Defendants failed to provide the services.  (Compl. ¶¶ 65-66).

   The conversion claim for unrefunded deposits arises from the Agreements (Compl. ¶¶ 89–91) and, thus, is barred by the maritime economic loss rule, which prohibits tort claims for economic losses arising from a contract absent physical injury, which is not alleged to have occurred. *Kingston Shipping Co. v. State of Fla.*, 667 F.2d 34, 36 (11th Cir. 1982)("In admiralty, the economic loss rule states that 'a party may not recover [in tort] for economic losses not associated with physical injury.'"); *Holekamp v. WestPort LLC*, 2025 WL 592842, at *3 (W.D. Wash. 2025)(dismissing plaintiff's tort claims because the maritime economic loss rule bars tort claims where there was a maritime contract governing the subject matter of the dispute); *Busch Marine Group, Inc. v. Calumet River Fleeting, Inc.*, 617 F. Supp. 3d 809, 822-823 (E.D. Mich 2022)(plaintiff's conversion claim premised upon the parties' contract was barred by the maritime

economic loss rule); *American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1081 (S.D. Fla. 2019)(dismissing tort claim because the alleged conduct constituting the tort was within the scope of the parties' agreement, and thus barred by maritime economic loss rule). At core, this is a contract case, and liability for unrefunded deposits lies solely in contract, not tort.

### 2.    The Unrefunded Deposit Monies Cannot Serve as the Predicate for Conversion

Even if not barred, the conversion claim fails because monetary obligations cannot support a conversion claim under maritime law. *Gary v. D. Agustini & Assocs., S.A.*, 865 F. Supp. 818, 826 (S.D. Fla. 1994)(finding no admiralty rule on point in an admiralty case and applying Florida law, the court held that a claim for conversion cannot be predicated on an indebtedness which may be discharged by the payment of money); *see also Kuroda v. SPJS Holdings*, 971 A.2d 872, 890 (Del. 2009)(same); *Kyle v. Apollomax, LLC*, 987 F. Supp. 2d 519, 526 (D. Del. 2013)(finding that a conversion claim seeking the payment of money cannot be sustained).

### G.    Plaintiff's Unjust Enrichment Claim Fails

Like promissory estoppel, the unjust enrichment claim fails because a valid contract governs the dispute, and Plaintiff does not allege an inadequate contractual remedy. *Gary v. D. Agustini & Assocs., S.A.*, 865 F. Supp. 818, 827 (S.D. Fla. 1994)(dismissing unjust enrichment claim under admiralty law where the plaintiff ignores the existence of a contractual remedy and fails to allege that the remedy is inadequate); *Grupo HGM Tecnologias Submarina*, v. *Energy Subsea, LLC*, 566 F. Supp. 3d 1219, 1231 (S.D. Ala.2021)(holding that no action exists for unjust enrichment if the plaintiff has an adequate remedy for breach of maritime contract); *Kuroda v. SPJS Holdings*, 971 A.2d 872, 891 (Del. 2009)(dismissing unjust enrichment claim where contract governs the dispute).  Moreover, the Complaint's shotgun pleading structure incorporates the existence of a valid contract into the unjust enrichment count, further undermining this claim.

### H.     Plaintiff's FDUTPA Claim Fails

#### 1.     Plaintiff's FDUPTA Claim is Preempted by Maritime Law

The FDUTPA claim, Fla. Stat. §501.201, including its attorneys' fees provision, is preempted by maritime law and must be dismissed. *F.W.F., Inc. v. Detroit Diesel Corp.,* 494 F. Supp. 2d 1342, 1352 (S.D. Fla. 2007)("federal maritime law preempts a claim for damages under FDUTPA"); *Cahall v. Carey's Diesel, Inc*., 2018 WL 2370869, at *3 (D. Del 2018)(recognizing that many federal courts have found admiralty law preempts a claim under state deceptive and unfair trade practices acts); *DeRossi v. Nat'l Loss Mgt.*, 328 F. Supp. 2d 283, 288 (D. Conn. 2004)(finding admiralty law preempts a claim under the Connecticut Unfair Trade Practices Act); *Geftman v. Boat Owners Ass'n of the U.S*., 2003 WL 23333312, at *3 (D. S.C. 2003)(concluding that the South Carolina Unfair Trade Practices Act was preempted by admiralty law); *Norwalk Cove Marina, Inc. v. S/V Odysseus,* 90 F. Supp. 2d 190, 192-93 (D. Conn 2000)(dismissing claim under the Connecticut Unfair Trade Practices Act, concluding that the statute conflicts with admiralty law ), *aff'd,* 319, 320 (2d Cir. 2003); *Delta Marine, Inc. v. Whaley*, 813 F. Supp. 414, 416–17 (E.D. N.C. 1993)(concluding that the North Carolina Unfair Trade Practice Act was preempted by admiralty law).

#### 2.     Plaintiff Fails to Plead the FDUPTA Claim with Sufficient Particularity

FDUTPA claims grounded in fraud, as alleged here (Compl. ¶¶ 101–102, asserting fraud and misrepresentations), must satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, requiring specific details about the "who, what, when, where, and how" of the misconduct. Fed. R. Civ. P. 9(b); *Inouye v. Adidas America, Inc.*, 2023 WL 2351654, at *3 (M.D. Fla. 2023)(holding that FDUTPA claims that hinge on allegations of misrepresentation are governed by Rule 9(b)'s pleading requirements). Plaintiff's FDUTPA claim, predicated on the

same alleged misrepresentations as the fraud claim (e.g., cabin size, virtual windows, food inclusivity, and itinerary changes; Compl. ¶ 32(A)–(P)), fails to meet this standard by lumping all Defendants together as the "Villa Vie Group" without specifying which Defendant made each misrepresentation, when, or how it was communicated. *See infra* § IV(I)(2)(detailing the Complaint's failure to satisfy Rule 9(b)'s heightened pleading requirements for the fraud claim). This lack of particularity renders the FDUTPA claim deficient, warranting dismissal.

### 3.    Plaintiff's FDUPTA Claim is Barred by the Contracts

The FDUTPA claim is also barred because the alleged pre-contractual misrepresentations (e.g., itinerary changes, cabin modifications, spa prices; Compl. ¶ 32) are contradicted by the written contracts. Compl, Ex. A, B, C; Ex. 1. These contracts expressly state that (a) "VVRI may change the itinerary at any time without notice and or delay the inaugural sail date;" (b) "The Vessel shall be entitled to leave and enter ports at the Master's discretion and for any purpose and omit or change any or all of the ports of call, arrival or departure times, with or without notice, for any reason whatsoever;" (c) "If the circumnavigation is canceled by VVRI for any reason, VVRI shall thereupon return to the Voyager, if the Contract is completely canceled, a full refund of the circumnavigation Fare, or if the Contract is partially canceled, a proportionate part thereof. Under such circumstances, VVRI shall have no further liability of damages or compensation of any kind;" (d) "VVRI retains the rights to make changes/retrofits/modifications to the vessel provided for its voyages at any time;" (e) "VVRI has no responsibility regarding air or land travel arrangements…that may result from last minute changes in the embarkation or debarkation ports and delays in arrival at any airport or port location;" (f) "VVRI offers salon and spa services, shore excursions, alcoholic beverages and packages, special restaurants, private classes and personal training which are not included in the Circumnavigation fare. We will provide a list of pricing

within three months of embarkation;" and (g) Provides a list of inclusive amenities; Virtual Windows are not listed as an inclusive amenity. Compl. Ex. A; Ex. 1. The contracts' terms and conditions further negate deception, stating: "[t]his Agreement constitutes the entire agreement between the parties concerning the subject matter hereof, and all understandings, oral agreements" and "any current or prior representations, understandings, or oral statements, including without limitation, representations made in sales brochures, sales materials or oral representations made by sales representative as to incentives or any other matter associated with the Villa are of no force and effect unless set forth in the Special Conditions Sections and approved by VVR." Ex. A.

Plaintiff's reliance on the alleged pre-contractual representations that are contradicted by these contractual terms does not state a claim. *See Dorestin v. Hollywood Imports, Inc.*, 45 So.3d 819, 825 (Fla. 4th DCA 2010)(rejecting a FDUTPA claim based on an alleged misrepresentation "that they had to buy the extended warranty to get the car" when the contract explicitly stated that buying the warranty "is not a requirement to purchase your vehicle or obtaining financing;" a "FDUPTA claim cannot be stated based upon oral representations which are in contradiction of written terms of a contract, because such reliance is unreasonable as a matter of law"); *Rosa v. Amoco Oil Co.*, 262 F. Supp.2d 1364, 1367 (S.D. Fla. 2003)(granting a motion to dismiss a FDUTPA claim based an alleged misrepresentation that contradicted contract).[5]

### 4.    Plaintiff's Claim for Punitive Damages is Barred

Plaintiff's punitive damages claim under FDUTPA must be stricken, as it is barred by the contract's limitation of damages clause. Compl. Ex. A, § 12; *See supra* §IV(D)(2)(limitation of liability clauses in maritime contracts are enforceable).

---

[5] *Carrera v. Bayer Corp*, 727 F. 3d 300, 309 (3rd Cir. 2013)(applying Florida law in analyzing an action under Florida Deceptive and Unfair Trade Practice Act (FDUPTA), Fla. Stat. §501.201).

## I.    Plaintiff's Fraud Claim Fails

### 1.    Plaintiff Fails to Plead Fraud with Sufficient Particularity

Federal Rule of Civil Procedure 9(b) mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiff's fraud claim fails to meet this heightened pleading standard, as it impermissibly lumps all Defendants together as the "Villa Vie Group" and omits critical details about who made the alleged misrepresentations, when, where, and how they were communicated. Specifically, the Complaint lists sixteen alleged misrepresentations in paragraph 32, subsections (A) through (P), including claims about cabin size (Compl. ¶ 32(C), alleging a reduction from 160 to 130 square feet), removal of virtual windows (Compl. ¶ 32(B)), changes to food inclusivity (Compl. ¶ 32(E), alleging added charges for specialty dining and snacks, itinerary changes (Compl. ¶ 32(L)–(O), alleging elimination of U.S., Canadian, and Chinese ports, and embarkation delays (Compl. ¶ 32(K)). Yet, the Complaint vaguely asserts that "in connection with the transactions, ***Defendants*** made material representations that were false" (Compl. ¶ 32)(emphasis added), without identifying which Defendant made each statement, the specific speaker, the timing, the medium (e.g., oral, written, or website), or the context of the representations.

This lack of specificity is fatal. Plaintiff must provide precise details to satisfy Rule 9(b), including the identity of the speaker, the time and place of each statement, and how it was conveyed. For example, the Complaint does not clarify whether the alleged misrepresentations about cabin size or virtual windows were made by VVRI's agents, in marketing materials, or during specific communications with Plaintiff, nor does it specify dates or locations for these statements. Similarly, allegations of itinerary changes and delays lack details about which Defendant communicated these changes or when they occurred. By failing to differentiate amongst

15

the Defendants or provide these essential particulars, the Complaint deprives Defendants of the ability to respond effectively, thereby undermining the purpose of Rule 9(b) to deter overly broad allegations. *See In re Rockefeller Ctr. Props. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)(requiring fraud to be pled with specificity because Fed.R.Civ.P. 9(b) requires plaintiff identify the speaker of the alleged fraudulent statements); *U.S. ex rel. LaCorte v. SmithKline Beecham Clinical Laboratories, Inc.*, 149 F.3d 227, 234 (3d Cir. 1998)("Fed.R.Civ.P. 9(b) requires plaintiffs to plead fraud with particularity, specifying, time, place and substance of defendant's alleged conduct….This requirement provide sufficient deterrence against overly broad allegations.").

### 2. Plaintiff's Fraud Claim is Barred by Maritime Economic Loss Rule

The maritime economic loss rule bars fraud claims where they are founded upon misrepresentations that are inextricably intertwined with contractual promises. For example, claims about cabin size (Compl. ¶ 32C), food inclusivity (Compl. ¶ 32E), and itinerary charges (Compl. ¶32K-P) relates to contract performance, governed by the contracts (Compl. Ex. A, §10, 11, 12, 25, 26; Ex.1, General Provisions). Accordingly, the fraud claim is barred by the maritime economic loss rule. *Holekamp v. WestPort, LLC*, 767 F. Supp. 3d 1097, 1101 (W.D. Wash. 2025)(finding that the maritime economic loss rule barred fraudulent inducement claim where fraud was inextricably intertwined with contractual promises); *St Clair Marine Salvage Inc v. M/Y Blue Marlin*, 2014 WL 2480587, at *4-7 (E.D. Mich 2014)(dismissing fraud claim as being barred by the maritime economic loss rule); *BVI Marine Const. Ltd. v. ECS-Florida, LLC*, 2013 WL 6768646, at *4-5 (S.D. Fla. 2013)(dismissing fraud claim as barred under maritime law).

### 3. Plaintiff Fails to Establish Reasonable Reliance for Fraud

Maritime fraud, governed by common law principles, requires justifiable reliance as an essential element. *Black Gold Marine, Inc. v. Jackson Marine Co., Inc.*, 759 F.2d 466, 470 (5th

Cir. 1985)(identifying elements of fraud applied in admiralty); *Operaciones Tecnicas Marinas S.A.S. v. Diversified Marine Services, LLC*, 913 F. Supp. 2d 254, 259 (E.D. La. 2012)(same).

Plaintiff's reliance on the alleged pre-contractual misrepresentations (e.g., cabin size, virtual windows, food inclusivity, and itinerary changes; Compl. ¶ 32(A)–(P)) is unreasonable as a matter of law because the contracts explicitly negate prior representations unless included in the Special Conditions section and expressly allow VVRI to (a) change the cruise itinerary and sailing dates without notice, (b) alter or omit ports of call without notice, (c) permit changes to the vessel's configuration or amenities, (d) limit liability upon cancellation to a refund of payments, (e) disclaim responsibility for travel arrangements affected by itinerary or embarkation changes, and (f) exclude certain services (e.g., spa, specialty dining) from the fare, with pricing to be provided later. *See JC Trading Ltd. v. Wal-Mart Stores, Inc.*, 947 F. Supp. 2d 449, 459 (D. Del. 2013)(finding no justifiable reliance can exist to establish justifiable reliance for fraud because it is unreasonable as a matter of law to rely on oral representations when they are expressly contradicted by the parties' written agreement); *Alexander v. Cigna Corp.*, 991 F. Supp. 427, 436 (D. N.J. 1998)(dismissing a fraud claim given the express language of contract that nullified any previous agreements, or written and finding any reliance to be manifestly unreasonable in face of merger clause); *Lafarge N.A., Inc. v. Matraco Co., Inc.*, 2008 WL 227750, at \*6 (S.D. Fla. 2008)(finding counterclaim for fraudulent misrepresentations fails in face of contract's merger clause because reliance on any representations not contained in the contract was unreasonable as a matter of law). Plaintiff's failure to establish reasonable reliance warrants dismissal of the fraud claim.

### 4.    The Alleged Press Statements Do Not Constitute Fraud

Alleged false statements to third parties (Compl. ¶¶ 112–120) do not constitute fraud, as fraud requires a misrepresentation inducing Plaintiff's reliance and causing damages. *See supra*.

§I(3). The Complaint does not allege that statements to the press about Plaintiff induced reliance or resulted in any reliance-based damages.

>    **5.     Plaintiff's Claim for Punitive Damages is Barred**

Plaintiff's claims for emotional and punitive damages under the fraud count must be stricken as they are barred by the contracts' limitation of liability clauses (Compl. Ex. A, § 12). *See supra* §IV(D)(2)(limitation of liability clauses in maritime contracts are enforceable).

**J.     Plaintiff Fails to State Claims for IIED and NIED**

>    **1.     Plaintiff Fails to Allege Outrageous Conduct for IIED**

Whether the alleged conduct, i.e., canceling the contracts and denying Plaintiff boarding (Compl. ¶¶ 121–125), constitutes "outrageous conduct beyond all possible bounds of decency" to give rise to a claim for IIED is a question for this Court's determination. *Cheney v. Daily News L.P.*, 654 Fed.Appx. 578, 583-584 (3d Cir. 2016)(upholding dismissal of claim for IIED, stating that "[i]t is for the court to determine in the first instance whether the conduct is extreme and outrageous, such that recovery may be permitted.").

To state a claim for IIED, the alleged conduct "must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id*. (upholding dismissal of IIED claim, stating that under this standard, and accepting all of plaintiff's allegations as true, publishing a defamatory article suggesting plaintiff was involved in a sex scandal cannot support an IIED claim); *Maglana v. Celebrity Cruises Inc*., 136 F.4th 1032, 1040 (11th Cir. 2025)(affirming order of dismissal of IIED claim, and holding that while general maritime law recognizes the tort of IIED, to state a such a claim the factual allegations must establish that the conduct was outrageous – beyond all possible bounds of decency, atrocious, and utterly intolerable in a civilized community); *Wallis v.*

*Princess Cruises, Inc*., 306 F. 3d 827, 841-842 (9th Cir. 2002)(while statements were unsympathetic, the conduct was not extreme and outrageous, noting that the standard for IIED is extremely difficult to meet); *Gary v. Deluxe Corp*, 2022 WL 2817864, at *5(D. Del. 2022)(granting motion to dismiss IIED claim, finding the claim for IIED was not supported by sufficient factual allegations to show that defendant's conduct was extreme or outrageous and, that to the extent the IIED claim relies on the same operative facts used to support her other claims, it must fail as a matter of law as well); *Paul v. Celebrity Cruises, Inc*., 2021 WL 7082839, at *15 (S.D. Fla. 2021)(dismissing IIED claim with prejudice where the alleged conduct fails to rise to the level of outrageousness required by the Restatement (Second) of Torts). Compared to the cases above, which dismissed IIED claims for more severe actions than alleged in the instant case (i.e., cancellation of the contracts and denial of boarding), dismissal is warranted here.

### 2.    Plaintiff Fails to Allege Sufficient Physical Impact for IIED and NIED

Both claims fail because Plaintiff's alleged symptoms (e.g., nausea, headaches(Compl. ¶ 127)) are transitory and insufficient under maritime law, which requires a significant physical impact to allege a claim for IIED and NIED. *Matter of Wilson Yachts, LLC,* 605 F. Supp. 3d 695, 709 (D. Md. 2022)("Under general maritime law, a plaintiff may 'recover[ ] for emotional injury provided there is some physical contact. . . . .That physical contact must, however, be more than 'trivial.'"); *see also Metro-North Commuter R. Co. v. Buckley*, 521 U.S. 424, 432 (1997)(explaining that "physical impact" does not encompass "every form of 'physical contact'"). Therefore, "transitory, non-recurring physical phenomena, harmless in themselves, such as dizziness, vomiting, and the like," are insufficient to establish physical impact. Restatement (Second) Torts § 36A cmt. C; *Ellenwood v. Exxon Shipping Co.*, 795 F. Supp. 31, n. 5 (D. Maine 1992)(holding that loss of sleep and loss of appetite, etc. are clearly not the kind of physical injury

contemplated by the Restatement Second of Torts, to allege accompanying physical injury for NIED).

The contract's limitation clauses (Compl. Ex. A, § 12) further bar these claims. *Cummings v. Holland Am. Line Westours, Inc*., 1999 WL 1293577 *2 (W.D. Wash. 1999)(dismissing claims for NIED due to limitation of liability where terms stated that there would be no liability for emotional distress, mental suffering, etc.)

## K.    Plaintiff's Invasion of Privacy Claim Fails

The invasion of privacy claim relies on violations of Ireland's privacy laws and the EU's General Data Protection Regulation GDPR (Compl. ¶ 135), which are unenforceable in U.S. courts by Plaintiff, a Florida resident. *Smith v. Sox,* 2023 WL 4157362, at *3 (M.D. Fla. 2023)("'Under the Data Protection Act and EU General Data Protection Regulations 2018, which is in force in the United Kingdom where the deposition will occur, and under the European Convention on Human Rights and the Human Rights Act (collectively, the "Acts"), every European Union citizen has a right to privacy.' . . . Since there is no allegation that either party is a European Union citizen, the Court finds that the GDPR does not afford protections in this case. The motion to dismiss this portion of Count III will be granted as to this claim."); *Story v. National Security Agency*, 2024 WL 4452693, at *4 (N.D. N.Y. 2024)("Alternatively, he may be referring to the general data protection regulation, a set of European privacy laws that do not apply in the United States.  Thus, he cannot see any relief in this court for any alleged violations.").

## VI. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint with prejudice, strike Plaintiff's demands for damages beyond a refund of her deposit.

Dated: July 21, 2025

CROSS & SIMON LLC

*/s/ Christopher P. Simon*
Christpher P. Simon (No. 3697)
David G. Holmes (No. 4718)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
csimon@crosslaw.com
dholmes@crosslaw.com

-and-

ROSENTHAL LAW GROUP
Alex P. Rosenthal (admitted *pro hac vice*)
Amanda Jassem Jones (admitted *pro hac vice*)
2103 N. Commerce Parkway
Weston, FL  33326
(954) 384-9200
alex@rosenthalcounsel.com
amanda@rosenthalcounsel.com

*Counsel for Defendants*