# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNY PHENIX, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )  Case No. 1:25-cv-00378-RGA |
| VILLA VIE RESIDENCES INCORPORATED, VILLA VIE RESIDENCES CORPORATION, and VV ODYSSEY LLC, | ) ) ) ) ) |
|     Defendants. | ) ) |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

ROSENTHAL LAW GROUP
Alex P. Rosenthal (admitted *pro hac vice*)
Amanda Jassem Jones (admitted *pro hac vice*)
2103 N. Commerce Parkway
Weston, FL 33326
(954) 384-9200
alex@rosenthalcounsel.com
amanda@rosenthalcounsel.com

CROSS & SIMON LLC
Christopher P. Simon (No. 3697)
David G. Holmes (No. 4718)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
csimon@crosslaw.com
dholmes@crosslaw.com

*Counsel for Defendants*

Dated: August 20, 2025

## **TABLE OF CONTENTS**

**Page**

I. Preliminary Statement ...........................................................................................................1

II. Argument ................................................................................................................................1

    A. Plaintiff Concedes Numerous Arguments by Failing to Address Them........................1

    B. Plaintiff's Maritime Law Supplementation Arguments Are Irrelevant .........................3

    C. Plaintiff's Shotgun Pleading Arguments Fail ................................................................4

    D. Plaintiff's Claims Against VVRC and VVO Fail ..........................................................4

    E. Plaintiff's Breach of Contract Arguments Fail ..............................................................5

    F. Plaintiff's Promissory Estoppel and Unjust Enrichment Arguments Fail .....................7

    G. Plaintiff's Conversion Argument Fails ..........................................................................7

    H. Plaintiff's FDUTPA/Consumer Fraud Arguments Fail .................................................8

    I. Plaintiff's Fraud Arguments Fail ...................................................................................9

    J. Plaintiff's IIED Arguments Fail.....................................................................................9

    K. Plaintiff's Invasion of Privacy Arguments Fails..........................................................10

III. Conclusion ............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................................. 1, 4, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..................................................................................................................... 5

*Bellocchio v. Italia Flotte Riunite Cosulich Line*,
84 F.2d 975 (2d Cir. 1936) ........................................................................................................... 6

*Blakeman v. Freedom Rides, Inc.*,
2013 WL 3503165 (D. Del. July 10, 2013) .................................................................................. 2

*Calhoun v. Yamaha Motor Corp., U.S.A.*,
40 F.3d 622 (3d Cir. 1994) ........................................................................................................... 3

*Cheney v. Daily News L.P.*,
654 Fed.Appx. 578 (3d Cir. 2016) .............................................................................................. 10

*Doe v. Community College of Baltimore County*,
595 F. Supp. 3d 392 (D. Md. 2022) .............................................................................................. 5

*Gary v. Deluxe Corp.*,
2022 WL 2817864 (D. Del. 2022) .............................................................................................. 10

*In re Horizon Cruises Litig.*,
101 F. Supp. 2d 204 (S.D.N.Y. 2000) .......................................................................................... 8

*In re Plaquemine Towing Corp.*,
190 F. Supp. 2d 889 (M.D. La. 2002) ........................................................................................... 8

*In re Wilmington Trust Sec. Litig.*,
2017 WL 2467059 (D. Del. June 7, 2017) ................................................................................... 1

*Kornberg v. Carnival Cruise Lines, Inc.*,
741 F.2d 1332 (11th Cir. 1984) .................................................................................................... 6

*Noramco LLC v. Dishman USA, Inc.*,
2022 WL 2817876 (D. Del. July 19, 2022) .................................................................................. 2

*Royal Ins. Co. of Am. v. S.W. Marine*,
194 F.3d 1009 (9th Cir. 1999) ...................................................................................................... 5

*VI Taxi Association v. West Indian Company, Limited*,
2016 WL 9525617 (V.I. Super. Ct. Oct. 18, 2016) .................................................................4

*Wilburn Boat Co. v. Fireman's Fund Ins. Co.*,
348 U.S. 310 (1955)................................................................................................................3

**Statutes**

46 U.S.C. § 30527.......................................................................................................................6

Fla. Stat. § 501.201.....................................................................................................................4

**Rules**

Fed. R. Civ. P. 8(a)(2) ................................................................................................................4

Fed. R. Civ. P. 9(b).............................................................................................................1, 2, 9

Fed. R. Civ. P. 10(b)...................................................................................................................4

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................1

## I. Preliminary Statement

"Sometimes the sound of silence is the most deafening sound of all."[1] Plaintiff's opposition memorandum ("Opposition") is notable for what it omits: it fails to address or contest numerous arguments raised in Defendants' Opening Brief in Support of Motion to Dismiss ("Opening Brief"), including critical points on preemption, particularity pleading requirements under Fed. R. Civ. P. 9(b), the maritime economic loss rule, and the entirety of Plaintiff's negligent infliction of emotional distress ("NIED") claim. These omissions constitute concessions that Defendants' arguments are meritorious and warrant dismissal.

Where Plaintiff does respond to arguments raised in the Opening Brief, Plaintiff's arguments often consist of mere legal conclusions unsupported by any authority, failing to meet the plausibility standard under *Iqbal*, 556 U.S. 662, 678 (2009). Even when Plaintiff cites cases, those authorities do not support her position that the Complaint states valid causes of action; instead, they either address unrelated issues or undermine her claims by reinforcing maritime law's preeminence and the enforceability of contractual limitations. The Complaint remains a shotgun pleading that groups Defendants without distinction, sues non-contracting parties, and flings wide-ranging and far-fetched tort claims barred by maritime law and the parties' contracts. It must be dismissed in its entirety under Fed. R. Civ. P. 12(b)(6).

## II.     Argument

**A.     Plaintiff Concedes Numerous Arguments by Failing to Address Them**

Plaintiff's Opposition fails to address several key arguments from the Opening Brief, constituting concessions that those arguments are meritorious and warrant dismissal. *See In re Wilmington Trust Sec. Litig.*, 2017 WL 2467059, at *2 (D. Del. June 7, 2017) ("When a responding

---

[1] K.L. Toth

party fails to defend against an issue which is the subject of a motion, courts consistently construe the failure to respond as an abandonment of the issue or a concession that the moving party is correct."); *see also Noramco LLC v. Dishman USA, Inc.*, 2022 WL 2817876, at *5 (D. Del. July 19, 2022); *Blakeman v. Freedom Rides, Inc.*, 2013 WL 3503165, at *13 (D. Del. July 10, 2013).

First, Plaintiff fails to address Defendants' arguments regarding the NIED claim (Ct. VIII). The Opposition contains no discussion on NIED, despite Defendants' arguments that Plaintiff fails to allege physical impact or outrageous conduct required under maritime law. Op. Br. at 18–20.

Second, as to the FDUTPA claim (Ct. V), Plaintiff does not address: (i) preemption by maritime law (Op. Br. at 12); (ii) failure to plead with sufficient particularity under Rule 9(b) (Op. Br. at 12–13); (iii) the claim being barred by the contracts' contradictory terms (Op. Br. at 13–14); or (iv) the bar on punitive damages (Op. Br. at 14). Plaintiff's vague assertion that state law can "supplement" maritime law lacks citation and does not address nor contest these arguments.

Third, as to the fraud claim (Ct. VI), Plaintiff fails to address the following issues: (i) lack of particularity under Rule 9(b) (Op. Br. at 15–16); (ii) the maritime economic loss rule (Op. Br. at 16); (iii) no reasonable reliance (Op. Br. at 16–17); (iv) press statements not constituting fraud (Op. Br. at 17–18); or (v) the bar on punitive damages (Op. Br. at 18).

Fourth, as to the conversion claim (Ct. III), Plaintiff does not address the maritime economic loss rule barring tort recovery for contract-based economic losses (Op. Br. at 10).

Fifth, as to the unjust enrichment claim (Ct. IV), Plaintiff ignores Defendants' argument that the claim fails because the contracts govern the parties' obligations (Op. Br. at 11–12).

Sixth, as to the breach of contract claim (Ct. I), Plaintiff fails to address the contractual limitations barring emotional distress, consequential, and punitive damages (Op. Br. at 7–9).

Seventh, as to the invasion of privacy claim (Ct. IX), Plaintiff does not address that the claim is predicated on the GDPR, which is not enforceable in this case. (Op. Br. at 20).

Eighth, as to the promissory estoppel claim (Ct. II), Plaintiff ignores that the disputed promise is contradicted by the contract at issue. (Op. Br. at 9–10)

Ninth, as to the claims against VVRC and VVO, Plaintiff concedes her failure to sufficiently plead an agency theory of liability against VVRC and VVO by pivoting to a misinterpretation of the parties under the contract without addressing or rebutting the flawed agency arguments (Op. Br. at 5–7), necessitating dismissal of the claims against VVRC and VVO.

**B.     Plaintiff's Maritime Law Supplementation Arguments Are Irrelevant**

Plaintiff contends that maritime law can be "supplemented" by state law where maritime law is silent. Defendants do not dispute this legal principle. *See Calhoun v. Yamaha Motor Corp., U.S.A.*, 40 F.3d 622, 627 (3d Cir. 1994). However, this argument is irrelevant here because Plaintiff fails to identify any specific claim—breach of contract, promissory estoppel, conversion, unjust enrichment, FDUTPA, fraud, IIED, NIED, or invasion of privacy—where maritime law is silent or where Defendants misapplied maritime or supplemental state law.

Plaintiff's cited cases have no applicability to this case. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310 (1955) held that state law governs marine insurance absent a federal maritime rule on point, but here, established maritime rules actually apply to Plaintiff's claims: the maritime economic loss rule bars tort claims and limitations of damages clauses are enforceable under maritime contract law. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 40 F.3d 622 (3d Cir. 1994) allowed state wrongful death remedies where federal law was silent, but Plaintiff's claims here involve contract breaches and related torts where maritime law is not silent—it preempts conflicting state claims. *See Calhoun*, 40 F.3d at 627. Plaintiff's failure to identify a "gap" in

maritime law or Defendants' misapplication of the law dictates that maritime law controls and requires dismissal. *Iqbal*, 556 U.S. at 678 (2009)(unsupported conclusions disregarded).[2]

### C.      Plaintiff's Shotgun Pleading Arguments Fail

Plaintiff's argument that the Complaint is not a shotgun pleading because it provides "fair notice" and "detailed factual paragraphs," is unsupported by any legal authority. Not only does Plaintiff fail to cite any legal authority in support of her position but she also ignores Defendants' cited legal authority (Op. Br. §V(B)). *VI Taxi Ass'n v. West Indian Co., Ltd.*, 2016 WL 9525617, at *1-3 (V.I. Super. Ct. Oct. 18, 2016)(arguments lacking legal support should be rejected).

Even if considered, Plaintiff's argument fails. Plaintiff specifically states that each count incorporates every prior allegation, violating Fed. R. Civ. P. 8(a)(2) and 10(b) by forcing Defendants to parse which facts support which claims. The Complaint groups Defendants as "Villa Vie Group" without distinguishing roles, failing to specify which Defendant made which misrepresentation or cancellation. Plaintiff cites no authority supporting her position that such pleading suffices to survive the motion to dismiss.

### D.      Plaintiff's Claims Against VVRC and VVO Fail

In her Complaint, Plaintiff attempts to impute liability to VVRC and VVO by alleging they are agents of each other within the "Villa Vie Group" (Compl. ¶¶ 2–5). Defendants' Opening Brief exposed the legal and factual deficiencies of this agency theory, including the lack of specific allegations showing an agency relationship. In response, Plaintiff abandons this agency theory entirely, pivoting to a new argument that VVRC and VVO are parties to the contract solely because

---

[2] Plaintiff's sole argument, beyond generally accepted maritime law principles, is their claim that "no harm is done to maritime law by applying state law "remedies" to address consumer fraud practices. However, this assertion lacks supporting legal authority and fails to draw any distinction between the FDUPTA claims asserted by Plaintiff and the same FDUPTA (Fla. Stat. § 501.201) claims preempted by maritime law in the case law cited by Defendants (Op. Br. at 12).

they are included generally in the defined term "VVRI." This shift concedes the inadequacy of the agency theory, as Plaintiff offers no rebuttal to Defendants' arguments on agency. Moreover, Plaintiff's new contract-based argument is legally baseless, unsupported by authority, and asks the Court to infer VVRC and VVO's contractual liability merely because of a general definition in a contract to which they are not a party without factual allegations to support such a conclusion. Plaintiff's new argument is fatally deficient. *Iqbal*, 556 U.S. at 678 (pleadings must contain factual allegations, not mere inferences or conclusions).

Plaintiff's argument is contrary to the contract's clear language. The contract's introductory paragraph explicitly identifies the parties entering into the agreement as Plaintiff and Villa Vie Residences Incorporated (VVRI). The signature block confirms that Plaintiff and VVRI are the only parties who consented to the contract's terms. The inclusion of VVRC and VVO in the defined term "VVRI" (Compl. Ex. A,§1), which is referred to and applies in provisions addressing limitations of liability, does not make them parties to the contract. Plaintiff provides no legal authority to support her novel claim that a definitional reference confers party status, and the Court cannot infer liability absent factual allegations demonstrating their contractual obligations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)(pleadings require more than labels and conclusions to raise a right to relief). Plaintiff's argument is a bare unsupported assertion, disregarding the contracts' clear identification of only Plaintiff and VVRI as parties. *See Doe v. Comm. Coll. of Baltimore Cty.*, 595 F. Supp. 3d 392 (D. Md. 2022)(exhibits control over contradictory allegations).

E.  **Plaintiff's Breach of Contract Arguments Fail**

In the Opening Brief and herein, *supra* § II.D, Defendants contend that the breach of contract claim must be dismissed against nonparties to the contract (VVRC and VVO) and that the

impermissible damages sought against the remaining party (VVRI) must be stricken, limiting damages to a refund as provided in the contract.

As to the request for impermissible damages, Plaintiff erroneously claims that Defendants rely on documents outside the Complaint, but Defendants rely solely on Exhibit A to the Complaint—the contract itself—which contains the relevant limitations of damages provisions (Compl. Ex. A, §§10, 12). Plaintiff also fails to address Defendants' legal authority establishing that damages limitations like those in Exhibit A are binding under maritime law, instead sidestepping the issue and characterizing the law as being "complex." (Op. Br. §V(D)). Plaintiff then nonsensically cites inapplicable negligence cases to support the damages sought in her breach of contract claim, but negligence principles do not govern contractual damage limitations. Plaintiff provides no authority permitting her to seek breach of contract damages that are otherwise barred by the contracts' limitations of damage provision.[3]

---

[3] Plaintiff's attempt to characterize this case as unique due to the involvement of a passenger contract for residential cruise services does not warrant deviation from established federal maritime law principles. While it is true that former 46 U.S.C.A. §183c, now codified as 46 U.S.C. § 30527, voids exculpatory clauses disclaiming liability for *negligence* or *personal injury* in certain maritime contracts, this statute has no application here since none of the Plaintiff's claims are for negligence or personal injury. Plaintiff's reliance on *Royal Ins. Co. of Am. v. S.W. Marine*, 194 F.3d 1009 (9th Cir. 1999), and *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332 (11th Cir. 1984), is also misplaced. *Royal Ins. Co.* holds exculpatory clauses in ship repair contracts unenforceable for gross negligence, but it is inapposite to passenger tickets under 46 U.S.C. § 30527, which applies only to negligence-based injuries, not economic losses; *Kornberg* confirmed that 46 U.S.C. § 30527 bars exculpatory clauses in negligence and personal injury claims, neither of which claims are present in this case. Further, at pages 9-10 Plaintiff's Opposition, Plaintiff cites a long string of cases that purportedly support her argument that "[p]assenger tickets may contain clauses that attempt to disclaim liability for a variety of problems, but disclaimers for gross negligence and intentional misconduct are not typically enforced when raised by common carriers." Yet, the cases do not stand for that proposition. The only cited case to discuss a limitation of liability clause in a passenger ticket is *Bellocchio v. Italia Flotte Riunite Cosulich Line*, 84 F.2d 975 (2d Cir. 1936), which involved a bus, not a vessel, and was limited to whether the passenger had sufficient notice of the clause. The remaining cases have no relevance to the issue in this case, as they address ordinary negligence duties for physical injuries or exceptions for gross negligence/intentional misconduct, not contractual limitations on economic damages.

### F. Plaintiff's Promissory Estoppel and Unjust Enrichment Arguments Fail

Plaintiff argues that the promissory estoppel and unjust enrichment claims should not be dismissed because they are pled in the alternative to the breach of contract claim. However, this is simply inaccurate as both claims *reincorporate* all prior allegations, *including that a contract exists and Exhibit A*, which admits the existence of the contract and its governing covenants.

Moreover, Plaintiff misrepresents Defendants' position regarding the contracts' terms and conditions. Defendants did not argue in their Opening Brief that Plaintiff is bound by any terms and conditions that changed *after* entering into the contracts with VVRI. On the contrary, Defendants argue that Plaintiff is subject to only those terms which were incorporated into and/or by reference into the contracts *at the time of execution*. (Op.Br., §V.D.).

### G. Plaintiff's Conversion Argument Fails

Plaintiff argues that the maritime economic loss rule only bars her conversion claim if there is a valid contract. However, unlike promissory estoppel and unjust enrichment claims that Plaintiff (albeit incorrectly) argues are pled in the alternative to the contract claim, Plaintiff nowhere argues that her conversion claim is pled in the alternative to her contract claim. In fact, Plaintiff's own allegations show that the conversion claim is entirely *dependent* upon the existence of a valid contract: "Plaintiff paid tangible cash to Defendants in the amount of $14,391.00 to obtain the right to board and embark upon the residential cruise as a Voyager. However, Plaintiff never obtained such right or benefit because Defendants cancelled the Agreement without refund of any deposit. . . ." (Compl. ¶ 91). By anchoring the claim in the contract's existence, the maritime law economic loss rule bars the conversion claim. (Op. Br. §V.F.1).

Plaintiff also acknowledges that conversion requires "something more" than a mere contractual obligation but fails to identify any allegations in the Complaint demonstrating a distinct

act of dominion or control over her property beyond the alleged failure to refund under the contract (Compl. ¶¶ 88–93). Maritime law requires a specific, wrongful act of control over identifiable property, not a general debt. (Op. Br. §V.F.2). The absence of such allegations is fatal.

Moreover, Plaintiff also concedes that conversion of money requires an obligation to segregate funds but provides no allegation that Defendants were obligated to segregate the $14,391.00 deposit. Maritime law bars conversion claims based on an indebtedness dischargeable by payment, as alleged here, and Plaintiff does not dispute this principle. (Op. Br.§V.F.2).

### H.    Plaintiff's FDUTPA/Consumer Fraud Arguments Fail

Plaintiff curiously argues (or more appropriately concedes) that the Court should allow a claim for FDUTPA unless overridden by federal maritime policy. Defendants made this precise point in the Opening Brief. However, the Opening Brief made clear that courts have determined that FDUTPA is inconsistent with and, thus, preempted by federal maritime law. (Op. Br. § V.H.1). Having nowhere to turn, Plaintiff ignores and does not dispute this unequivocal authority barring her state consumer fraud statute claim. Instead, Plaintiff cites two irrelevant cases—*In re Horizon Cruises Litig.*, 101 F. Supp. 2d 204 (S.D.N.Y. 2000), and *In re Plaquemine Towing Corp.*, 190 F. Supp. 2d 889 (M.D. La. 2002)—which analyze damages under the ***Jones Act***, but Plaintiff brought no Jones Act claim, so those cases are irrelevant, with no bearing on her FDUTPA claim.

With nothing other than inapplicable Jones Act cases Plaintiff appears to ask the Court to disregard applicable cases and still find that "a consumer of residential cruise ship services must be entitled to recover damages against a supplier for any loss or damage suffered by the consumer because of failure to comply with representations if it was reasonably foreseeable that the consumer would suffer such loss or damage because of such failure." This assertion lacks any citation of authority and ignores the fact that the alleged pre-contractual misrepresentations (e.g.,

8

itinerary changes, cabin modifications, spa prices) are contradicted by the written contracts attached to the Complaint. And, if that isn't enough, Plaintiff also does not address Defendants' argument that she failed to plead this claim with sufficient particularity.

### I. Plaintiff's Fraud Arguments Fail

Plaintiff argues that her fraud claim is stated via alleged misrepresentations about inclusions, ports of call, and readiness to sail. However, Plaintiff fails to address or dispute Defendants' argument that these "misrepresentations" are inextricably intertwined with the contract and thus barred by the maritime economic loss rule. (Op. Br. at 16). She also fails to address the particularity requirements under Rule 9(b), making no attempt to argue that her allegations satisfy particularity as to when, where, and how these alleged representations were communicated to Plaintiff. (Op. Br. §V.I.2). Further, Plaintiff merely repeats what she alleges to be the misrepresentations without addressing or attempting to dispute Defendants' argument that any reliance of such alleged representations is unreasonable as a matter of law—and thus unactionable—because they are contradicted by the written contract attached to the Complaint.[4] Finally, with no argument on the point, Plaintiff also concedes that the press statements cannot support the fraud count. (Op. Br. at 17–18).

### J. Plaintiff's IIED Arguments Fail

Not a single legal authority appears in Plaintiff's IIED argument. While Defendants cite authority where courts found as a matter of law that the alleged conduct did *not* constitute "outrageous conduct beyond all possible bounds of decency" and dismissed claims on such basis

---

[4] The contract allows VVRI to: (a) change the cruise itinerary and sailing dates without notice, (b) alter or omit ports of call without notice, (c) permit changes to the vessel's configuration or amenities, (d) limit liability upon cancellation to a refund of payments, (e) disclaim responsibility for travel arrangements affected by itinerary or embarkation changes, and (f) exclude certain services (spa, specialty dining) from the fare, with pricing to be provided later. (Op. Br. at 16–17).

9

(Op. Br., §V.J.1.),[5] Plaintiff cites no legal authority where dismissal was denied in similar factual scenarios. Plaintiff also doesn't address or dispute that her alleged symptoms (nausea, headaches) are transitory and, therefore, insufficient under maritime law, which requires a significant physical impact to allege a claim for IIED and NIED. (Op. Br. §V.J.2.).

**K.     Plaintiff's Invasion of Privacy Arguments Fails**

Defendants' Opening Brief demonstrated that Ireland's privacy laws and the European Union's General Data Protection Regulation (GDPR), upon which Plaintiff's invasion of privacy claim is solely based, are inapplicable to Plaintiff and unenforceable in U.S. courts. (Op. Br. §V.L). Plaintiff does not address or attempt to argue GDPR's applicability, conceding this point. Instead, Plaintiff pivots to a vague assertion that the disclosure was unlawful without identifying any applicable law violated. Absent a law applicable to Plaintiff—enforceable in U.S. courts—regarding Defendants' alleged sharing of a WhatsApp message, Plaintiff fails to allege a recognizable cause of action for invasion of privacy under maritime law.

### III.     Conclusion

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss the Complaint in its entirety with prejudice, strike Plaintiff's demands for damages, and for any and all necessary and proper relief.

---

[5] Whether the alleged conduct, i.e., canceling the contracts and denying Plaintiff boarding (Compl. ¶¶ 121–125), constitutes "outrageous conduct beyond all possible bounds of decency" to give rise to a claim for IIED is a legal question for this Court's determination. *Cheney v. Daily News L.P.*, 654 Fed.Appx. 578, 583-584 (3d Cir. 2016)(upholding dismissal of claim for IIED, stating that "[i]t is for the court to determine in the first instance whether the conduct is extreme and outrageous, such that recovery may be permitted."); *Gary v. Deluxe Corp.*, 2022 WL 2817864, at *5 (D. Del. 2022)(Judge Andrews)(dismissal of IIED claim where the court found that the factual allegations did not constitute "outrageous conduct beyond all possible bounds of decency").

Dated: August 20, 2025

          CROSS & SIMON LLC

          */s/ Christopher P. Simon*
          Christpher P. Simon (No. 3697)
          David G. Holmes (No. 4718)
          1105 N. Market Street, Suite 901
          Wilmington, Delaware 19801
          (302) 777-4200
          csimon@crosslaw.com
          dholmes@crosslaw.com

          -and-

          ROSENTHAL LAW GROUP
          Alex P. Rosenthal (admitted *pro hac vice*)
          Amanda Jassem Jones (admitted *pro hac vice*)
          2103 N. Commerce Parkway
          Weston, FL  33326
          (954) 384-9200
          alex@rosenthalcounsel.com
          amanda@rosenthalcounsel.com

          *Counsel for Defendants*