IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNY PHENIX,<br><br>                Plaintiff,<br><br>    v.<br><br>VILLA VIE RESIDENCES INC., VILLA VIE RESIDENCES CORPORATION, and VV ODYSSEY LLC,<br><br>                Defendants. | Civil Action No. 25-378-RGA |

MEMORANDUM ORDER

Plaintiff rented a "villa" on board the CRUISE SHIP ODYSSEY. Per a contract between Plaintiff and "Villa Vie Residences Incorporated," signed December 5, 2023, by Plaintiff and "Villa Vie Residences,"[1] the cruise was supposed to last 1289 days and cost $162,745. (D.I. 1-1, Exh. A, at 2-3 of 16). The contract was twice modified, once on December 27, 2023, and then again on April 24, 2024. (D.I. 1-2, Exh. B, at 3 of 7; D.I. 1-3, Exh. C, at 3 of 7). At some point, Plaintiff paid $18,656 as a deposit. Plaintiff's cruise was delayed but eventually was supposed to depart from Belfast, Northern Ireland, in July 2024. In anticipation thereof, Plaintiff arrived in Belfast on July 18, 2024. Kathy Villalba, Chief Operating Officer of Villa Vie Residences, notified Plaintiff by email on July 19, 2024, that Villa Vie Residences was cancelling the contract with Plaintiff, partly because a dozen other residents had complained about Plaintiff's "continuous complaints and negativity." (D.I. 1-4, Exh. D). Plaintiff was refunded all but $7,230 of the deposit. (D.I. 1, ¶ 56).

---

[1] The second contract was signed by Villa Vie Residences; the third by Kathy Villalba for Villa Vie Residences.

There are three defendants: Villa Vie Residences Incorporated,[2] Villa Vie Residences Corporation, and VV Odyssey LLC.  The first of these entered into the contracts with Plaintiff. The second is an agent of the first.  (D.I. 1, ¶ 3). The third owns the CRUISE SHIP ODYSSEY. (D.I. 1, ¶ 4).  The complaint alleges the three entities operated as a group.  The complaint gives no factual information in support of the allegation, and it includes no allegations that the second and third entities did anything contrary to Plaintiff's interests.

Defendants have filed a motion to dismiss.  (D.I. 13).  It is fully briefed. (D.I. 14; D.I. 16; D.I. 17).

The complaint has nine counts.  Defendants argue they should all be dismissed with prejudice. (D.I. 14 at 1).

Defendants argue that the second and third entities should be dismissed as they are not alleged to have done anything at all. Defendants refer to "shotgun" pleading.  I agree with Defendants.  Defendants Villa Vie Residences Corporation and VV Odyssey LLC are DISMISSED without prejudice.

Defendants argue that the fraud and fraud-related counts should be dismissed for lack of compliance with Rule 9(b) of the Federal Rules of Civil Procedure.  The complaint has a list of sixteen "material representations that were false."  (D.I. 1 at ¶ 32).  Many of the allegations do not sound like misrepresentations.  (*Id*. at A, B, C, E, G, H, I, J, K, L, M, N, O, P.).[3]  Read liberally, "D" and "F" suggest misrepresentations, but they do not identify a speaker of a representation, nor when and in what context the representation was made.  In response, Plaintiff

---

[2] The body of the complaint refers to this Defendant as Villa Vie Residences Incorporation.  (D.I. 1, Preamble & ¶ 2).  The contracts refer to this Defendant as Villa Vie Residences Incorporated.
[3] At most, these could be breaches of contract.

does not acknowledge the existence of Rule 9(b).  Counts V and VI sound in fraud.  They are DISMISSED without prejudice.

Defendants do not have any particularly compelling reason to dismiss the breach of contract against Villa Vie Residences Incorporated.  They argue that Plaintiff's claim for damages arising from the breach of contract is overstated.  They ask me to strike various forms of relief.  I think the question of appropriate remedies is an issue for another day.  Plaintiff states a breach of contract claim.  Thus, I DENY the motion to dismiss Count I against Villa Vie Residences Incorporated.

Defendants move to dismiss promissory estoppel, conversion, and unjust enrichment counts, primarily on the basis that Plaintiff has asserted an express contract governing the relationship between Plaintiff and Villa Vie Residences Incorporated.  Defendants suggest that they agree there is an express contract (and that Plaintiff has plead that there is an express contract).  Defendants make additional arguments about the conversion claim.  I agree with Defendants that if it is undisputed that there is an express contract, then the promissory estoppel, conversion, and unjust enrichment claims should be dismissed.[4]  When Defendants answer the complaint, if they concede the existence of a valid express contract, they should submit a letter with a proposed order dismissing these three counts.  At this time, however, I DENY the motion to dismiss Counts II, III, and IV.

Plaintiff's complaint has a count for "invasion of privacy."  It is predicated on statements made by an officer of Villa Vie Residences Incorporated after he learned what Plaintiff had said

---

[4] I think Plaintiff agrees with this.  "The court should not dismiss the promissory estoppel count at this time." (D.I. 16 at 11).  "The conversion claim . . . would only apply if there is a valid contract in place."  (*Id.*).  "The unjust enrichment claim must stand for the same reason that the conversion and promissory estoppel claims must stand."  (*Id.* at 12).

to other passengers in WhatsApp group messaging. The complaint is rather vague about what private facts were revealed. The complaint premises the count on "Ireland's privacy laws and the European Union's General Data Protection Regulation." (D.I. 1 at ¶ 135). Defendants respond that those laws do not give United States citizens any rights enforceable in United States courts. (D.I. 14 at 20 (citing two district court cases)). Plaintiff's response abandons any reliance on European laws, instead talking about an expectation of privacy and that the disclosures were "highly offensive" to Plaintiff. Plaintiff cites no authority in support of the argument that she has stated a claim.[5] I will GRANT Defendants' motion. I DISMISS without prejudice Count IX's invasion of privacy claim.

---

[5] It is not my job to make Plaintiff's arguments for her. Nevertheless, I entered "invasion of privacy" into a legal search engine for relevant Delaware law. The first thing that came up was a model Delaware Superior Court jury instruction. It describes four theories of "invasion of privacy."

    (1) Intrusion: One who intentionally intrudes, physically or otherwise, into another person's solitude, seclusion, or private affairs, is responsible to that person for any harm suffered as a result of this invasion of privacy if that type of intrusion would be highly offensive to a reasonable person. The question is whether a reasonable person in similar circumstances would find the conduct very objectionable or would be expected to take serious offense to it.
    (2) Appropriation: One who appropriates the name or likeness of another person for use or benefit is responsible to that person for any harm suffered as a result of this invasion of privacy.
    (3) Publication of Private Facts: One who negligently publicizes a matter concerning another person's private life is responsible to that person for any harm caused by this invasion of privacy if similar publicity about a reasonable person would be highly offensive to that person and if the matter is not one of legitimate concern to the public. The question is whether a reasonable person in similar circumstances would find the conduct very objectionable or would expect take serious offense to it. Publication or publicity means that the matter is communicated to the public at large or to so many persons that the matter must be regarded as substantially certain to become public knowledge.
    (4) False Light: One who publicizes a matter concerning another person and places that person before the public in a false light is responsible to that person for any harm suffered as a result of this publicity if similar publicity about a reasonable person would be highly

Plaintiff asserts two counts related to infliction of emotional distress. In regard to both intentional infliction of emotional distress and negligent infliction of emotional distress, Defendants argue that the claims require "significant physical impact," and all that Plaintiff alleges are "transitory" injuries, to wit, "insomnia, severe anxiety, severe stress, severe depression, lack of motivation, nausea, headaches, lack of concentration, shock, PTSD, poor memory, and an inability to make decisions." (D.I. 1 at ¶ 127). Plaintiff does not respond to this argument. (D.I. 16 at 15-16). I will GRANT Defendants' motion. I DISMISS Counts VII and VIII without prejudice.

Defendants' answer to the complaint is due in fourteen days.

IT IS SO ORDERED this 10th day of February 2026.

/s/ Richard G. Andrews
United States District Judge

---

offensive to that reasonable person and if the person giving the publicity knew the matter was false or recklessly disregarded whether it was false.

I think the first and second theories are clearly inapplicable here. I do not think what one tells other passengers, presumably more or less strangers, are likely to be private facts. Plaintiff has not stated a claim for the third theory. I think the fourth theory is the one that Plaintiff is trying to allege. At a minimum, however, I do not think Plaintiff has alleged what the "false light" was.