# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNY PHENIX, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:25-cv-00378-RGA |
| | ) |
| VILLA VIE RESIDENCES | ) |
| INCORPORATED, VILLA VIE | ) |
| RESIDENCES CORPORATION, and | ) |
| VV ODYSSEY LLC, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT VILLA VIE RESIDENCES INCORPORATED'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Villa Vie Residences Incorporated ("VVRI")[1], by and through its undersigned counsel, answers the Verified Complaint as follows. VVRI answers each allegation on its own behalf, and an admission is not an admission is not an admission on behalf of another named Defendant, each of whom has been dismissed from this lawsuit. Each allegation not expressly admitted is denied.

## ANSWER

1. VVRI lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 1 of the Complaint and therefore denies the allegations of Paragraph 1 of the Complaint.

2. VVRI admits that it was a Delaware corporation that was redomiciled to a Marshall Islands entity. VVRI denies all remaining allegations of Paragraph 2 of the Complaint.

---

[1] VVRI is the sole defendant remaining in this action following the Memorandum Opinion and Order dated February 10, 2026 [D.I. No. 18].

3. Paragraph 3 of the Complaint pertains to an entity dismissed by the Court and requires no response from VVRI. To the extent a response is required, VVRI admits that VVRC was a company incorporated in the State of Florida. VVRI denies all remaining allegations of Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint pertains to an entity dismissed by the Court and requires no response from VVRI. To the extent a response is required, VVRI admits VVO was and is a citizen of the foreign nation of the Marshall Islands, is incorporated in the Marshall Islands, and maintains its principal place of business in the Marshall Islands as the owner of the cruise ship Odyssey operated by VVRI. VVRI denies all remaining allegations.

5. VVRI denies the allegations of Paragraph 5 of the Complaint.

6. VVRI denies the allegations of Paragraph 6 of the Complaint.

7. VVRI denies that the contract was issued by the "Villa Vie Group" as alleged, but as to the contract between VVRI and Plaintiff, VVRI admits that it contains the language alleged in Paragraph 7 of the Complaint. VVRI further states that the Contract speaks for itself.

8. To the extent Paragraph 8 of the Complaint states legal conclusions, no responsive pleading is required. VVRI admits that Plaintiff invokes admiralty jurisdiction and that the contract is a maritime contract governed by maritime law. VVRI denies the remaining allegations of Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains a legal conclusion. To the extent a response is required, VVRI lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore denies the same.

10. VVRI admits that the contract contains a forum selection clause, but denies that the contract was between any parties other than Plaintiff and VVRI.

11. VVRI denies the allegation of Paragraph 11 of the Complaint.

12. VVRI denies the allegations of Paragraph 12 of the Complaint.

13. VVRI admits that the Voyager Reservation Contract is a maritime contract governed by federal maritime law of the United States. VVRI denies any remaining characterization of Paragraph 13 of the Complaint, including any allegation that Plaintiff is entitled to relief.

14. VVRI denies the allegations of Paragraph 14 of the Complaint.

15. VVRI denies the allegations of Paragraph 15 of the Complaint.

16. VVRI admits that it is engaged in the business of providing, for compensation and by agreement, residential cruise services, where applicable, on a vessel. VVRI denies the remaining allegations of Paragraph 16 of the Complaint.

17. VVRI admits the allegations of Paragraph 17 of the Complaint.

18. VVRI admits that Plaintiff contracted for what is set forth in the Voyager Reservation Contracts attached to the Complaint and denies the remaining allegations of Paragraph 18 of the Complaint.

19. VVRI denies the allegations of Paragraph 19 of the Complaint.

20. VVRI denies the allegations of Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint is incoherent and vague. To the extent a response is required, VVRI denies the allegations of Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint is incoherent and vague. To the extent a response is required, VVRI denies the allegations of Paragraph 22 of the Complaint.

23. Paragraph 23 is incoherent and vague. To the extent a response is required, VVRI denies the allegations of Paragraph 23 of the Complaint.

24. To the extent Paragraph 24 states a legal conclusion no responsive pleading is required. VVRI denies the allegations of Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains a legal conclusion as to whether online terms were "illusory" and are "not enforceable." To the extent a response is required, VVRI denies the allegations of Paragraph 25 of the Complaint.

26. VVRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore denies the same.

27. VVRI denies the allegations of Paragraph 27 of the Complaint.

28. VVRI admits that Plaintiff turned over baggage to it as alleged in Paragraph 28 of the Complaint. All other allegations in Paragraph 28 of the Complaint are denied.

29. VVRI admits that it accepted receipt of Plaintiff's baggage as alleged in Paragraph 29. All other allegations are denied.

30. VVRI admits the allegations of Paragraph 30 of the Complaint.

31. VVRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore denies the same.

32. VVRI denies the allegations contained in Paragraph 32 of the Complaint and all its subparts.

33. VVRI admits that Plaintiff paid a deposit to it, but denies that Plaintiff paid the entire circumvention fee and denies the remainder of the allegations of Paragraph 33 of the Complaint.

34. VVRI denies the allegations of Paragraph 34 of the Complaint.

35. VVRI denies the allegations of Paragraph 35 of the Complaint.

36. VVRI denies the allegations of Paragraph 36 of the Complaint.

37. VVRI is informed and therefore admits that Plaintiff communicated with fellow passengers in WhatsApp communications. VVRI denies the remaining allegations of Paragraph 37 of the Complaint.

38. VVRI admits that Plaintiff was provided an upgraded cabin temporarily while crew cabins were being refurbished, but VVRI lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 38 of the Complaint and therefore denies the same.

39. VVRI denies that any messages were private or that Plaintiff had any expectation of privacy and VVRI lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 39 of the Complaint and therefore denies the same.

40. Paragraph 40 of the Complaint contains a legal conclusion. To the extent a response is required, VVRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies the same.

41. Paragraph 41 of the Complaint contains a legal conclusion. To the extent a response is required, VVRI denies the allegations of Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains a legal conclusion. To the extent a response is required, VVRI denies the allegations of Paragraph 42 of the Complaint.

43. VVRI denies the allegations of Paragraph 43 of the Complaint.

44. VVRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies the same.

45. VVRI admits that it sent Plaintiff the email that is attached to the Complaint as Exhibit D. The remaining allegations of paragraph 45 of the Complaint are denied.

46. VVRI admits that Mike Petterson said the statement released to the press that is alleged in paragraph 46 of the Complaint, but denies it was on behalf of "Villa Vie Group" and denies it was on behalf of any entity other than VVRI.

47. VVRI denies the allegations of Paragraph 47 of the Complaint.

48. VVRI denies the allegations of Paragraph 48 of the Complaint.

49. VVRI denies the allegations of Paragraph 49 of the Complaint.

50. VVRI denies the allegations of Paragraph 50 of the Complaint.

51. VVRI denies the allegations of Paragraph 51 of the Complaint.

52. VVRI denies the allegations of Paragraph 52 of the Complaint.

53. VVRI admits that it drafted the Agreement. VVRI denies the remaining allegations of Paragraph 53 of the Complaint.

54. VVRI denies the allegations of Paragraph 54 of the Complaint.

55. VVRI denies the allegations of Paragraph 55 of the Complaint.

56. VVRI admits that the refunds and/or credits were issued to Plaintiff as alleged in Paragraph 56 of the Complaint. VVRI also admits that Plaintiff has not received a refund of the $7230, but denies that it was because of a failure of VVRI. VVRI tendered a refund of the $7230, but Plaintiff did not accept it.

57. VVRI denies the allegations of Paragraph 57 of the Complaint.

58. VVRI denies the allegations of Paragraph 58 of the Complaint.

## COUNT I – BREACH OF CONTRACT

59. VVRI repeats and incorporates its foregoing responses to Paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60. VVRI admits that a written agreement was entered into between VVRI and Plaintiff. VVRI denies the remaining allegations of Paragraph 60 of the Complaint.

61. VVRI admits Plaintiff paid the deposits alleged in Paragraph 61 of the Complaint, but VVRI denies that it retained all the deposits.

62. VVRI admits that it agreed to provide services in accordance with the written agreement. VVRI denies the remaining allegations of Paragraph 62 of the Complaint.

63. VVRI admits the allegations of Paragraph 63 of the Complaint.

64. VVRI admits that Plaintiff did not receive residential cruise ship services after termination but denies that Plaintiff did not receive any services before termination, and further denies that Plaintiff was entitled to such services after termination, and further denies that VVRI did not act as set forth in the written agreement.

65. VVRI denies the allegations of Paragraph 65 of the Complaint.

66. VVRI admits that it sent the email attached to the Complaint as Exhibit D. All other allegations contained in Paragraph 66 of the Complaint are denied.

67. VVRI denies the allegations of Paragraph 67 of the Complaint.

68. VVRI denies the allegations of Paragraph 68 of the Complaint.

69. VVRI denies the allegations of Paragraph 69 of the Complaint.

70. VVRI denies the allegations of Paragraph 70 of the Complaint.

71. VVRI denies the allegations of Paragraph 71 of the Complaint.

72. VVRI admits the existence of a contractual relationship between VVRI. VVRI denies the remainder of the allegations of Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains a legal conclusion. To the extent a response is required, VVRI denies the allegations of Paragraph 73 of the Complaint.

74. VVRI denies the allegations of Paragraph 74 of the Complaint.

75. VVRI denies the allegations of Paragraph 75 of the Complaint.

76. VVRI denies the allegations of Paragraph 76 of the Complaint.

77. VVRI denies the allegations of Paragraph 77 of the Complaint.

78. VVRI denies the allegations of Paragraph 78 of the Complaint.

79. VVRI denies the allegations of Paragraph 79 of the Complaint.

80. VVRI denies the allegations of Paragraph 80 of the Complaint.

81. VVRI denies the allegations of Paragraph 81 of the Complaint.

82. VVRI denies the allegations of Paragraph 82 of the Complaint.

## COUNT II – PROMISSORY ESTOPPEL

83. VVRI repeats and incorporates its foregoing responses to Paragraphs 1 through 82 of the Complaint.

84. VVRI denies the allegations of Paragraph 84 of the Complaint.

85. VVRI denies the allegations of Paragraph 85 of the Complaint.

86. VVRI denies the allegations of Paragraph 86 of the Complaint.

87. VVRI denies the allegations of Paragraph 87 of the Complaint.

## COUNT III – CONVERSION

88. VVRI repeats and incorporates its foregoing responses to Paragraphs 1 through 87 of the Complaint.

89. VVRI denies the allegations of Paragraph 89 of the Complaint.

90. VVRI denies the allegations of Paragraph 90 of the Complaint.

91. VVRI denies the allegations of Paragraph 91 of the Complaint.

92. VVRI denies the allegations of Paragraph 92 of the Complaint.

93. VVRI denies the allegations of Paragraph 93 of the Complaint.

## COUNT IV – UNJUST ENRICHMENT

94. VVRI repeats and incorporates its foregoing responses to Paragraphs 1 through 93 of the Complaint.

95. VVRI denies the allegations of Paragraph 95 of the Complaint.

96. VVRI denies the allegations of Paragraph 96 of the Complaint.

97. VVRI denies the allegations of Paragraph 97 of the Complaint.

98. VVRI denies the allegations of Paragraph 98 of the Complaint.

## DISMISSED COUNTS

99. Counts V, VI, VII, VIII, and IX have been dismissed without prejudice by Order of the Court (Doc. 18). To the extent a response is required, VVRI denies all allegations contained in those dismissed Counts.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Contractual Limitation of Remedies and Damages)

Plaintiff's claims for damages are barred or limited, in whole or in part, by the express terms of the Voyager Reservation Contracts (including amendments), which provide in the event of cancellation, denial of boarding, or disembarkation under the circumstances set forth therein, that Plaintiff's sole contractual remedy is limited to a refund, if any, of amounts paid as expressly provided in the Contracts, and that no further liability shall exist for damages, compensation, or other relief of any kind, including but not limited to consequential, incidental, special, or punitive damages.

## Second Affirmative Defense
(Disclaimer of Emotional Distress, Consequential, and Other Damages)

Plaintiff's claims for emotional distress, mental anguish, psychological injury, disappointment, vexation, pain and suffering, or any consequential, incidental, exemplary, or punitive damages are not available remedies for the surviving claims and are further barred by the Contracts' express disclaimers and limitations excluding such categories of recovery.

## Third Affirmative Defense
(Failure to Mitigate Damages)

Any recovery by Plaintiff is barred or reduced to the extent she failed to mitigate her alleged damages, including by declining or failing to accept VVRI's tender of a full or partial refund consistent with the Contracts and applicable law.

## Fourth Affirmative Defense
(Discharge by Tender and/or Accord and Satisfaction)

VVRI's obligations under the Contracts were satisfied and discharged by its tender and return of the amounts refundable, if any, under the express terms of the Contracts. Plaintiff's rejection, retention without objection, or dispute of such tender operates as a discharge of any further monetary obligation under the Contracts and, to the extent applicable under governing law, constitutes an accord and satisfaction.

## Fifth Affirmative Defense
(Setoff, Recoupment, and Credit)

Any award to Plaintiff must be reduced by setoff, recoupment, or credit for all amounts previously refunded, credited, charged back, or otherwise returned or tendered to her, including any sums retained pursuant to the Contracts' fee provisions.

### Sixth Affirmative Defense
(Waiver and Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, arising from her own conduct, including her failure to accept VVRI's tender, her cancellation of segments, and her participation in communications that contributed to the alleged events.

### Seventh Affirmative Defense
(Prior Material Breach)

Plaintiff's claims are barred, in whole or in part, by her prior material breach of the Contracts, including but not limited to the provisions requiring compliance with VVRI's policies and prohibiting conduct that constitutes a nuisance or hinders the Vessel's operations. Plaintiff's continuous complaints and negativity, which impacted community morale, constituted such a breach, thereby excusing VVRI from further performance under the Contracts and justifying the termination without a full refund.

### Eighth Affirmative Defense
(Existence of Express Contract Precludes Quasi-Contract Claims)

Plaintiff's claims of promissory estoppel, unjust enrichment, and conversion (Counts II, III, and IV) are barred because the parties' relationship is governed by valid, enforceable express Contracts, which preclude recovery under quasi-contractual or equitable theories. As the Court noted in its Memorandum Order (Doc. 10), these counts should be dismissed upon VVRI's concession of the Contracts' validity, which is contained in this Answer.

### Ninth Affirmative Defense
(Maritime Economic Loss Rule Bars Conversion Claim)

To the extent not dismissed upon VVRI's concession of the validity of the Contracts as noted in the Court's Memorandum Order (Doc. 18), Plaintiff's conversion claim (Count III) is barred by the maritime economic loss rule, which prohibits tort recovery for purely economic

11

losses arising from a contractual relationship absent physical injury or property damage, neither of which is alleged.

### Tenth Affirmative Defense
(Conversion Cannot Be Predicated on Monetary Obligations)

To the extent not dismissed upon VVRI's concession of the validity of the Contracts as noted in the Court's Memorandum Order (Doc. 18), Plaintiff's conversion claim (Count III) fails because, under maritime law, a claim for conversion cannot be predicated upon a mere obligation to pay money or an indebtedness dischargeable by payment of funds, such as the unrefunded deposit amounts at issue.


Dated: February 17, 2026

CROSS & SIMON LLC

*/s/ Christopher P. Simon*
Christpher P. Simon (No. 3697)
David G. Holmes (No. 4718)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
csimon@crosslaw.com
dholmes@crosslaw.com

-and-

ROSENTHAL LAW GROUP
Alex P. Rosenthal (admitted *pro hac vice*)
Amanda Jassem Jones (admitted *pro hac vice*)
2103 N. Commerce Parkway
Weston, FL 33326
(954) 384-9200
alex@rosenthalcounsel.com
amanda@rosenthalcounsel.com

*Counsel for Defendants*