**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JENNY PHENIX,<br><br>Plaintiff,<br>v.<br><br>VILLA VIE RESIDENCES INCORPORATED, VILLA VIE RESIDENCES CORPORATION, and VV ODYSSEY LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:25-cv-00378-RGA |

**JOINT MOTION OF ALEX P. ROSENTHAL, AMANDA JASSEM JONES, ROSENTHAL LAW GROUP, CHRISTOPHER P. SIMON, DAVID G. HOLMES AND CROSS & SIMON, LLC FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

Pursuant to D. Del. LR 83.7, Alex P. Rosenthal, Amanda Jassem Jones and Rosenthal Law Group (together, "Florida Counsel"), and Christopher P. Simon, David G. Holmes and Cross & Simon, LLC (together, "Delaware Counsel," and with Florida Counsel, "Counsel"), move for leave to withdraw as counsel of record for Defendants Villa Vie Residences Incorporated, Villa Vie Residences Corporation and VV Odyssey LLC (together, "Defendants") (the "Motion"). Defendants have consented in writing to the relief requested. In support of the Motion, Counsel state as follows:

1. Florida Counsel appear for Defendants in this action pro hac vice, and Delaware Counsel appear for Defendants as Delaware counsel. No other attorney has entered an appearance for Defendants. If the Motion is granted, Defendants will be without counsel of record until substitute counsel appears, and Counsel therefore seek leave of Court rather than withdrawing by notice.

2. On October 27, 2026, Villa Vie Residences publicly announced that it has suspended its operations in Cambodia and is evaluating restructuring and recapitalization alternatives. According to the announcement, the monthly fuel expense per equivalent cabin, which historically averaged approximately $1,800, has recently reached an estimated $6,000 to $8,000 in parts of Asia; passing an increase of that size on to residents is not a realistic solution; and the resulting shortfall has rendered the current operating model unsustainable. The company is coordinating the disembarkation of residents and the arrangement of temporary accommodations while it pursues restructuring and recapitalization over the next sixty days. No financing or transaction has been finalized, and no outcome is assured.

3. As a direct result of these circumstances, Defendants are unable to meet their obligations to Counsel under the applicable engagement agreements, and Counsel cannot reasonably be expected to continue the representation on that basis. Rule 1.16(b) of the Delaware Lawyers' Rules of Professional Conduct permits a lawyer to withdraw where the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled (Rule 1.16(b)(5)), where the representation will result in an unreasonable financial burden on the lawyer (Rule 1.16(b)(6)), and where other good cause for withdrawal exists (Rule 1.16(b)(7)). Each of those grounds is present here.

4. Defendants have been advised of Counsel's intention to file this Motion and have consented in writing to Counsel's withdrawal. A copy of that consent is attached as Exhibit A. Counsel have also served this Motion on Defendants at their last known address in accordance with D. Del. LR 83.7. Because Defendants have consented, Counsel respectfully request that the

Court consider the Motion without awaiting the notice period that the Rule otherwise affords the client.

5. Defendants are corporate entities and may appear in this Court only through licensed counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). Counsel therefore request that the Court stay all deadlines applicable to Defendants for a period of at least thirty (30) days from the entry of the order granting this Motion so that Defendants may retain substitute counsel.

6. Delaware counsel has conferred with counsel for Plaintiff by telephone regarding the relief sought in this Motion, as set forth in the accompanying certification under D. Del. LR 7.1.1. Counsel for Plaintiff requested the imposition of conditions on Defendants in any Order granting this motion. While Counsel for Defendants are not opposed to some of those conditions, they are not in a position, given the circumstances here, to bind the Defendants to conditions insisted upon by Plaintiff's counsel.

7. A proposed form of order is submitted herewith.

WHEREFORE, Counsel respectfully request that the Court enter the proposed order (a) granting Florida Counsel and Delaware Counsel leave to withdraw as counsel of record for Defendants, (b) staying all deadlines applicable to Defendants for thirty (30) days from the entry of the order pending the retention of substitute counsel, and (c) granting such further relief as the Court deems just.

*[Signature Page to Follow]*

Dated: October 29, 2026

CROSS & SIMON, LLC

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
David G. Holmes (No. 4718)
1105 N. Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
csimon@crosslaw.com
dholmes@crosslaw.com

ROSENTHAL LAW GROUP

*/s/ Alex P. Rosenthal*
Alex P. Rosenthal (admitted *pro hac vice*)
Amanda Jassem Jones (admitted *pro hac vice*)
2103 North Commerce Parkway
Weston, Florida 33326
(954) 384-9200
alex@rosenthalcounsel.com
Amanda@rosenthalcounsel.com

*Counsel for Defendants Villa Vie Residences Incorporated, Villa Vie Residences Corporation and VV Odyssey LLC*